420 A.2d 1323

**COMMONWEALTH of Pennsylvania**

v.

**Willis DANIELS, Petitioner.**

Supreme Court of Pennsylvania.

Sept. 22, 1980.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

PER CURIAM:

Pro se petitioner Willis Daniels seeks allowance of appeal from an order of the Superior Court affirming judgment of sentence on convictions of robbery and related offenses. Without considering whether to grant allowance of appeal, we direct the Public Defender of Montgomery County who represented petitioner on his direct appeal to the Superior Court to continue representation of petitioner and thus to file a proper petition for allowance of appeal.

Here petitioner proceeds pro se on allowance of appeal only because the Public Defender appointed to assist petitioner on direct appeal believes petitioner is not entitled to further assistance of counsel. In a letter dated August 1, 1980 addressed to this Court's Prothonotary, the Assistant District Attorney of Montgomery County expressly states that he

"[c]oncur[s] with [the Public Defender's] assessment that an indigent prisoner does not have a right to the appointment of counsel for preparing appellate papers after all his direct rights of appeal have been exhausted."

We are unable to understand the basis for the Public Defender's (and, for that matter, the Assistant District Attorney's) position. Pa.R.Crim.Proc. 316(c)(iii) provides:

"Where counsel has been assigned, such assignment shall be effective until final judgment, including any proceedings upon direct appeal."

By this Rule this Court long has guaranteed that a person seeking allowance of appeal is entitled to the assistance of counsel. See e. g., *Commonwealth v. Stancell,* 435 Pa. 301, 256 A.2d 798 (1969); *Commonwealth v. Hickox,* 433 Pa. 144, 249 A.2d 777 (1969). See also Pa.R.Crim.Proc. 1503(a) & e. g., *Commonwealth v. Patterson,* 470 Pa. 618, 369 A.2d 1163 (1977) (post–conviction petitioner entitled to counsel); Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, § 4(a)(2), 19 P.S. § 1180–4(a)(2) (Supp.1979). In harmony with our Rule and prior case law, we direct the Public Defender to file a proper petition, within thirty days.

Public Defender directed to file proper petition for allowance of appeal within thirty days.