446 A.2d 658

**COMMONWEALTH of Pennsylvania**

v.

**James E. CLARKE, Appellant.**

Superior Court of Pennsylvania.

Submitted May 22, 1981.

Filed June 4, 1982.

James E. Clarke, in pro. per.

Albert Nichols, District Attorney, Greensburg, for Commonwealth, appellee.

Before CERCONE, President Judge, and MONTGOMERY and VAN der VOORT, JJ.

PER CURIAM:

Appellant was tried before a jury and was convicted of aggravated assault and endangering the welfare of children. Post-trial motions were denied by the court en banc and appellant was sentenced to a term of imprisonment of five (5) to ten (10) years. A direct appeal was taken to this court at No. 874, April Term, 1977. This court affirmed the judgment of sentence in a Per Curiam Order. *Commonwealth v. Clarke*, 265 Pa.Superior Ct. 642, 404 A.2d 1358 (1979).

On April 2, 1979, appellant filed *pro se*, a Post Conviction Hearing Act petition. In that petition appellant contended he was denied the effective assistance of counsel by counsel's failure to seek an appeal before the Supreme Court. New counsel was appointed and a hearing was held. The court dismissed the petition as being frivolous. No appeal was taken from the denial of PCHA relief.

Appellant filed a second *pro se* PCHA petition on April 14, 1980. He claimed that counsel on his first petition was ineffective in not appealing the dismissal of the first petition. The court denied the second petition finding that the issues had been raised in the prior PCHA proceedings. Appellant here appeals from the order denying relief on the second petition.

On this appeal appellant argues that the court below improperly denied relief without conducting a hearing. It is his contention that his petition alleging that prior PCHA counsel was ineffective in not appealing the denial of his first petition in which he alleged trial counsel was ineffective in not seeking allocatur before the Supreme Court, required the court to grant him allowance to seek allocatur nunc pro tunc.[1]

Appellate counsel, by letter dated March 1, 1979, had informed appellant that this court had affirmed the judgment of sentence in his case. Counsel indicated that he

---

1. Appellant, in his brief explicitly "abandons" the other issues he raised in his second petition.

would not petition the Supreme Court for allocatur. Counsel further advised appellant to contact the Public Defender should he wish to appeal this court's affirmance.

In *Commonwealth v. Daniels*, 491 Pa. 289, 420 A.2d 1323 (1980) our Supreme Court was faced with a somewhat identical factual situation, the only real difference being appellant's intervening PCHA petitions; in *Daniels* the appellant raised his claim immediately after counsel refused to seek review in the Supreme Court. In the context of this appeal, the PCHA petitions do not require a different result as appellant's claim was raised in both of them. We believe *Daniels* is controlling in the instant case and requires that the appellant be granted permission to seek a further appeal.

The order of the court below is reversed and appellant is granted leave to file a petition for allocatur nunc pro tunc to the Supreme Court of Pennsylvania. The lower court is directed to appoint counsel to assist appellant in properly filing such petition. The petition shall be filed within 30 days of the appointment of counsel. Case remanded for further proceedings not inconsistent with this opinion. We do not retain jurisdiction.

Order reversed.