450 A.2d 738

**COMMONWEALTH of Pennsylvania**

v.

**William ASHBY, Appellant.**

Superior Court of Pennsylvania.

Submitted May 20, 1981.

Filed Sept. 17, 1982.

John A. Clay, Beaver, for appellant.

John L. Brown, Assistant District Attorney, Beaver, for Commonwealth, appellee.

Before MONTGOMERY, HOFFMAN and VAN der VOORT, JJ.

HOFFMAN, Judge:

This is an appeal from the lower court's denial of appellant's Post Conviction Hearing Act (PCHA) petition. Because we are unable to determine the merits of appellant's contentions on the record before us, we must vacate the order of the lower court and remand for an evidentiary hearing.

On June 9, 1975, appellant entered counselled guilty pleas to four counts each of burglary and theft by unlawful taking. No direct appeal was taken. On May 13, 1976, appellant filed a *pro se* PCHA petition challenging the voluntariness of his pleas and the effectiveness of his counsel.[1] The lower court appointed new counsel, heard argument, and then dismissed the petition without an evidentiary hearing. Appellant's *pro se* PCHA petitions filed on May 10, 1978 and August 10, 1978 were dismissed without appointment of counsel or evidentiary hearings because the claims were substantially similar to those denied in the first PCHA petition. No appeals were taken from any of these dismissals. Appellant filed this *pro se* petition on August 2, 1979, alleging for the first time that the guilty plea colloquy was inadequate and that the sentencing court had failed to advise him of his right to appeal. The PCHA court found the plea colloquy adequate but agreed that appellant had not been informed of his right to appeal. It dismissed the petition, however, because the only issues cognizable on appeal had been waived by failing to raise them in prior PCHA petitions. Appellant perfected an appeal to this Court, and new counsel was appointed.

On this appeal, appellant contends that his PCHA counsel was ineffective in failing to: (1) amend his petition to challenge the lack of a factual basis for the guilty plea; (2) challenge the sentencing colloquy when the lower court had not informed appellant of his rights to withdraw his guilty plea and appeal; and (3) advise appellant to appeal from the denial of PCHA relief. Although these claims

1. A second PCHA petition, filed May 14, 1976, was treated as an amendment to the May 13 petition.

appear to have arguable merit, the present record is insufficient to permit a determination of whether counsel had a reasonable basis for failing to pursue them. *See Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). Accordingly, we must remand for an evidentiary hearing on PCHA counsel's effectiveness.[2] Either party aggrieved by the lower court's actions on remand may take a new appeal as allowed by law.

Order vacated and case remanded for proceedings consistent with this opinion.

VAN der VOORT, J., files a dissenting opinion.

VAN der VOORT, Judge, dissenting:

Appellant filed his fourth PCHA petition on August 2, 1979.[1] In such he averred that the sentencing court failed to advise him of his right to appeal and that the guilty plea colloquy was inadequate. Appellant now argues on this appeal that counsel on his first PCHA petition was ineffective in not raising the above issue and in not appealing the adverse ruling on the first petition.

Reviewing the fourth petition, I do not find that such petition alleged that prior PCHA counsel was ineffective. While appellant may have checked off the block, in the standardized petition, questioning counsel's effectiveness, nowhere in the petition is there any indication that he was challenging PCHA's counsel's stewardship. Appellant's claim was not properly presented in his fourth petition and neither the trial court or this court should consider it. *Commonwealth v. Carrier,* 494 Pa. 305 n. 3, 431 A.2d 271, 273,

**2.** Appellant has preserved his objections to PCHA counsel's effectiveness because this is his first opportunity with independent counsel to raise them. *Commonwealth v. Triplett,* 476 Pa. 83, 88 n.5, 381 A.2d 877, 880 n.5 (1977); *Commonwealth v. Johnson,* 298 Pa.Superior Ct. 493, 498, 444 A.2d 1291, 1293 (1982); *Commonwealth v. Oliver,* 280 Pa.Superior Ct. 274, 277 n.1, 421 A.2d 719, 721 n.1 (1980).

**1.** Appellant also filed: a PCHA petition on May 14, 1976 which was treated as an amendment to the May 13, 1976 petition; he also filed a motion to withdraw his guilty plea, nunc pro tunc under date of June 18, 1979.

n. 3 (1981); *Commonwealth v. Zillgitt*, 489 Pa. 189, 192 n. 3, 413 A.2d 1078, 1079 n. 3 (1980); *Commonwealth v. Stokes*, 294 Pa.Superior Ct. 529, 440 A.2d 591 (1982); *Commonwealth v. Stanton*, 294 Pa.Superior Ct. 516, 440 A.2d 585 (1982).

I respectfully dissent.