482 A.2d 1339

**COMMONWEALTH of Pennsylvania**

v.

**George WEST, Appellant.**

Superior Court of Pennsylvania.

Submitted April 16, 1984.

Filed Oct. 19, 1984.

288

Timothy O. Nolen, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before MONTEMURO, CERCONE and HESTER, JJ.

HESTER, Judge:

On April 11, 1979, following a trial by jury, appellant was convicted of criminal attempt, aggravated assault, recklessly endangering another person, possession of an instrument of crime, violation of the Pennsylvania Uniform Firearms Act, and criminal conspiracy. Timely post trial motions were filed and denied. On July 10, 1979, appellant was sentenced to a term of incarceration of not less than five nor more than ten years on the charge of criminal attempt. As to the other charges, appellant was placed on a combined probationary term of five years, to run consecutively to the criminal attempt sentence.

Appellant then filed a direct appeal to this Court solely alleging that the Commonwealth failed to bring him to trial within 180 days as required by Pa.R.Crim.P. 1100. We denied appellant's contention and affirmed the trial court's judgment of sentence. *Commonwealth v. West*, 287 Pa.Super. 587, 428 A.2d 250 (1980).

Appellant's counsel received notification of our decision on June 23, 1980, but neglected to forward such notice to appellant until July 18, 1980. Appellant received actual notice on July 21 or July 22, 1980.

Appellant thereafter filed a Petition for Allocatur Nunc Pro Tunc with the Supreme Court of Pennsylvania. That Court denied his petition without indicating whether the denial was the result of untimeliness or whether it was based on the merits.

On October 27, 1981, appellant petitioned the Court of Common Pleas of Montgomery County for relief pursuant to the Post Conviction Hearing Act (hereinafter P.C.H.A.).[1] Appellant alleged a violation of Rule 1100, that he was prejudiced when seen in handcuffs by jurors, and that counsel was ineffective for failing to timely notify him of his right to petition for review to the Supreme Court. The lower court dismissed appellant's P.C.H.A. petition. It is from this Order that appellant now appeals.

■ The Rule 1100 issue, though argued at the P.C. H.A. hearing, is not before us since it was not briefed or argued on appeal. It is accordingly waived. *See Commonwealth v. Pittman,* 320 Pa.Super. 166, 466 A.2d 1370 (1983); *Commonwealth v. Van Cliff,* 483 Pa. 576, 397 A.2d 1173 (1979), cert. denied 441 U.S. 964, 99 S.Ct. 2412, 60 L.Ed.2d 1070 (1979). Appellant's next contention, that he was prejudiced when seen in handcuffs by jurors, has taken the form of two separate issues for this appeal. The first is that the trial court erred in refusing to grant a mistrial and the second is that trial counsel was ineffective for failing to ask the trial court for a cautionary instruction. These issues were adequately resolved by the opinion of the trial court. We therefore summarily dismiss them.

■ Prior to addressing whether counsel was ineffective for failing to timely notify appellant of his right to petition for allocatur, appellant's final P.C.H.A. allegation, we address appellant's assignment of error that prior counsel were ineffective for failing to raise the issue that the Commonwealth did not prove the barrel length of the weapon as required for convictions under § 6105 and § 6106 of

1. The petition was filed pursuant to the Act of January 25, 1966, P.L. 1580, No. 554 (1965), effective March 1, 1966, 19 P.S. § 1180–1, et seq., reenacted by Act of May 13, 1982, P.L. 417, No. 122, § 2, 42 Pa.C.S.A. § 9541 et seq.

the Pennsylvania Uniform Firearms Act, 18 Pa.C.S.A. § 6101.[2]

A "firearm" under the Uniform Firearms Act is defined as "[a]ny pistol or revolver with a barrel less than 12 inches, any shotgun with a barrel less than 24 inches, or any rifle with a barrel less than 15 inches." 18 Pa.C.S.A. Section 6102.

■ For there to be ineffective assistance of counsel, the course chosen must have had no reasonable basis to effectuate the client's interest. *See Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

■ This Court has addressed the issue of whether a conviction could stand under § 6105 in view of the Commonwealth's failure to prove the barrel length of the weapon:

[the weapon] was never produced or entered into evidence by the Commonwealth. Nor was its length ever described... In other words, the length of the weapon's barrel ... represents an indispensable element of the charged offense without proof of which a conviction may not be sustained.

*Commonwealth v. Rapp*, 253 Pa.Super. 31, 33, 384 A.2d 961, 962 (1978). Our Supreme Court similarly held:

Penal statutes must be strictly construed. 1 Pa.C.S.A. § 1928(b)(1) (Supp.1977–78). Thus we must conclude that barrel length is an essential element of the offenses defined in sections 6105 and 6106, and it is fundamental that the Commonwealth must prove every essential element of a crime beyond a reasonable doubt.

*Commonwealth v. Todd*, 477 Pa. 529, 533, 384 A.2d 1215, 1217 (1978). Appellant therein was accordingly discharged from the conviction for the firearm violation.

---

**2.** It should be noted that this issue is raised for the first time. The Public Defender's Office handled the trial and first appeal to our Court. A second counsel was appointed to represent appellant at the P.C.H.A. hearing. This appeal is under the direction of a third counsel. Therefore, since this is the first opportunity for this counsel to raise this claim, it was not waived. *See Commonwealth v. Triplett*, 476 Pa. 83, 381 A.2d 877 (1977); *Commonwealth v. Ashby*, 304 Pa.Super. 394, 450 A.2d 738 (1982).

In *Commonwealth v. Jennings,* 285 Pa.Super. 295, 427 A.2d 231 (1981), we held that failure of the prosecution to establish the barrel length of a weapon through actual measurement did not render trial counsel ineffective. However, the weapon therein was admitted into evidence allowing the jury to examine it. In such instances, it is reasonable to conclude that the fact finder will determine the barrel length when permitted to examine the weapon.

The case presently before us does not fall within the purview of *Jennings.* Here the weapon was not present at trial, and in fact was never recovered. The only reference to it was made by a witness who described it as a "toy." Such testimony does not constitute sufficient evidence to conclude that the Commonwealth met its burden of proof as to the firearm violations.

In light of the requirements enunciated in *Rapp* and *Todd, supra,* we turn to whether counsel was ineffective for failing to raise this defect. In the instant case, trial counsel did make a general demurrer to all charges. However, counsel did not specifically argue that the prosecution had failed to prove every essential element for a conviction under the Firearms Act. Furthermore, trial counsel did not allege error by the trial judge for failing to grant the demurrer to the firearm violations in the post-trial motions. Thus, this issue was waived. Failure to bring that issue before the post-verdict or appellate courts cannot be said to have had any reasonable basis designed to effectuate appellant's interests.

Since the claim of ineffective assistance of counsel is apparent from the record, we need not remand for an evidentiary hearing. On occasion, it is appropriate to determine ineffectiveness through an independent review of the record. *See Commonwealth v. Connolly,* 478 Pa. 117, 385 A.2d 1342 (1978). Herein it is clear trial counsel was ineffective in failing to pursue or properly preserve this issue for appeal. Appellant's counsel for the P.C.H.A. hearing was also ineffective for failing to allege the ineffectiveness of trial counsel at the P.C.H.A. hearing. See

*Commonwealth v. Bartlett,* 486 Pa. 396, 406 A.2d 340 (1979).

All prior counsel were ineffective for failing to expose an essential missing element in the Commonwealth's prosecution for violations of the Uniform Firearms Act. Accordingly, we reverse appellant's conviction and vacate the judgment of sentence as to the firearm charges.

■ Appellant also alleges ineffectiveness for counsel's failure to timely notify him of his right to petition for allowance of appeal. Pennsylvania Rule of Appellate Procedure 1113 provides a thirty-day period from the entry of the order of the Superior Court during which to file a petition for allowance of appeal to the Pennsylvania Supreme Court.

At the PCHA hearing, counsel conceded that our decision of June 23, 1980 was not forwarded to appellant until July 18, 1980, and not received by him until approximately July 22, 1980. Thus, the period within which to file a petition for allowance of appeal had expired prior to the receipt by appellant of actual notice. Appellant argues that this course of conduct by counsel failed to promote his interests and constituted ineffective assistance of counsel.[3]

A similar allegation of ineffectiveness was recently addressed by this Court in *Commonwealth v. Morrow,* 326 Pa.Super. 443, 474 A.2d 322 (1984). Therein, appellant's original P.C.H.A. counsel failed to inform him of his right to petition for allocatur. In his second P.C.H.A. petition, he argued that this omission constituted ineffective assistance of counsel. The *Morrow* court observed that "our appellate courts have never held counsel ineffective *per se* for failing to file a petition for allocatur," *Id.,* 326 Pa.Superior Ct. at 446, 474 A.2d at 324, and rejected appellant's allegation of ineffectiveness. In so doing, it noted that appellant never alleged unawareness of his right to seek allocatur, a desire for counsel to petition for review, or that he directed

3. Appellant did file a Petition Requesting Allocatur Nunc Pro Tunc to the Supreme Court of Pennsylvania, which was denied on October 28, 1980. Since the Supreme Court did not indicate the basis for its denial of appellant's petition, we are unable to discern whether appellant's petition was considered on the merits.

counsel to do so. The court also relied upon appellant's extensive exposure to the judicial system in its determination that counsel was not ineffective for failing to inform appellant of his right to file a petition for allocatur.

Applying these guidelines to the case *sub judice*, we are constrained to hold contrary to *Morrow*. At the P.C.H.A. hearing, appellant testified that, although he knew he could pursue an appeal, he "didn't know any time or that sort of thing." Appellant clearly desired to petition for allocatur, as can be seen by his subsequent *pro se* attempt to do so. More importantly, counsel advanced no explanation as to the delay between his receipt of our decision and notification of appellant. We cannot permit appellant's right to be disregarded by counsel.

In his letter of July 18, 1980, counsel informed appellant that the Public Defender's Office had determined that any further appeal possessed no arguable merit and that appellant was not entitled to further representation. This denial of representation contravenes Pa.R.Crim.P. 316(c)(iii) which states:

> Where counsel has been assigned, such assignment shall be effective until final judgment, including any proceedings upon direct appeal.

The Supreme Court of Pennsylvania has long interpreted this rule to require assistance of counsel to those seeking allowance of appeal. See *Commonwealth v. Daniels*, 491 Pa. 289, 420 A.2d 1323 (1980); *Commonwealth v. Hickox*, 433 Pa. 144, 249 A.2d 777 (1969).

This Court followed our Supreme Court in *Commonwealth v. Clarke*, 300 Pa.Super. 366, 446 A.2d 658 (1982), wherein we found counsel to be ineffective for failing to petition for allowance of appeal to the Supreme Court. Therein, counsel informed appellant of his right to file a petition for allocatur and further advised appellant to contact the public defender's office should he choose representation. Nevertheless, in spite of timely notice and instructions as to his rights, we ruled that appellant was entitled to representation, regardless of the merit of his petition.

Unlike *Clarke*, appellant herein received no timely notification of his right to pursue his appeal to the Supreme Court. Moreover, he was informed that he was not entitled to further services of the Public Defender's Office. This was clearly ineffective assistance of counsel.

In light of our analysis, we reverse the order of the court below. Judgment of sentence as to appellant's firearm violations is vacated. Appellant is granted leave to file a petition for allocatur nunc pro tunc to the Supreme Court of Pennsylvania. The lower court is directed to appoint counsel to assist appellant in properly filing such petition. The petition shall be filed within 30 days of the appointment of counsel. Case remanded for proceedings not inconsistent with this opinion. Jurisdiction is relinquished.

Order reversed.