825 A.2d 630

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**John LIEBEL, Appellant.**

Supreme Court of Pennsylvania.

Submitted Dec. 5, 2002.

Decided June 9, 2003.

Geoffrey A. Graham, Doylestown, for John Liebel.

Karen Ann Diaz, Doylestown, for Com.

Before CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and LAMB, JJ.

## OPINION

Justice NIGRO.

We granted allowance of appeal to determine whether the Superior Court erred in finding that Appellant John Liebel was not entitled to file a Petition for Allowance of Appeal ("PAA") to this Court *nunc pro tunc* based on his claim in his PCRA[1] petition that his appellate counsel had been ineffective for failing to file a PAA to this Court on direct appeal. For the reasons outlined below, we reverse the decision of the Superior Court.

On September 15, 1997, Appellant, represented by appointed counsel, entered a general guilty plea to the charge of murder for the strangulation death of his father. Following a plea colloquy, the trial court accepted Appellant's plea and held a degree-of-guilt hearing. Following the degree-of-guilt hearing, the trial court found Appellant guilty of first-degree murder. Prior to sentencing, Appellant filed a motion to withdraw his guilty plea. On October 10, 1997, the trial court denied the motion and sentenced Appellant to life in prison. Appellant, represented by new appointed counsel ("appellate counsel"), filed timely post-sentence motions, in which he argued, *inter alia*, that the trial court erred in refusing to allow Appellant to withdraw his guilty plea and that trial counsel was ineffective for failing to develop a complete defense in spite of Appellant's desire to proceed to trial. Following an evidentiary hearing at which trial counsel testified, the trial court denied the post-sentence motions. The Superior Court affirmed Appellant's judgment of sentence on March 5, 1999. Five days later, on March 10, 1999, appellate counsel sent Appellant the following letter:

Dear John:

The Superior Court has denied your appeal. We have thirty days to file a[PAA] with the Pennsylvania Supreme Court. I will do so.

Thank you for your consideration.

1. Post–Conviction Relief Act, 42 Pa.C.S. § 9541, *et seq.*

Very truly yours,

/s/

[Appellate counsel]

PCRA Ct. Op. at 7–8 (reproducing appellate counsel's letter to Appellant). Contrary to his representation in the letter, however, appellate counsel failed to file a PAA with this Court within thirty days of the Superior Court's decision. *See* Pa.R.A.P. 1113 ("[A PAA] shall be filed with the Prothonotary of the Supreme Court within 30 days of the entry of the order sought to be reviewed.") Instead, after the time for filing a PAA with this Court had expired, on April 16, 1999, appellate counsel sent Appellant the following letter:

Dear John:

Regretfully, I failed to file your [PAA] in a timely manner. Accordingly, it is necessary that you file a Post Conviction Relief Petition alleging my ineffectiveness and requesting that the lower court grant you a *nunc pro tunc* right to file a[PAA].

I have spoken with Mr. Kerrigan[2] about this and he is aware of my mistake. Certainly you will be granted a right to file this appeal. Again I sincerely apologize but the likelihood of success in a discretionary writ of this nature is minimal.

Very truly yours,

/s/

[Appellate counsel]

PCRA Ct. Op. at 8 (reproducing appellate counsel's second letter to Appellant).

Consequently, on February 18, 2000, Appellant filed a timely *pro se* petition for post-conviction relief pursuant to the PCRA. The PCRA court appointed new counsel and permitted Appellant to file an amended PCRA petition, in which Appellant alleged, *inter alia*, appellate counsel's ineffectiveness and sought the reinstatement of the right to file a PAA to this Court *nunc pro tunc*.[3] Following an evidentiary hearing,

2. The record does not indicate who "Mr. Kerrigan" is.

3. Appellant also reiterated his claims that the trial court had erred in refusing to allow him to withdraw his guilty plea and that trial counsel

the PCRA court dismissed Appellant's amended PCRA petition.[4] In his statement of matters complained of on appeal, Appellant argued, *inter alia*, that the PCRA court erred in refusing to reinstate his right to file a PAA to this Court *nunc pro tunc* based on his claim that his appellate counsel had been ineffective for failing to file a PAA to this Court on direct appeal. In its Rule 1925(a) opinion, *see* Pa.R.A.P.1925(a), the PCRA court, relying on Superior Court precedent, concluded that Appellant's claim was not cognizable under the PCRA because it did not bear on Appellant's ultimate guilt or innocence.[5] On appeal, the Superior Court summarily affirmed, citing to the PCRA court's opinion. We granted allowance of appeal to determine whether the Superior Court erred in affirming the PCRA court's order refusing to reinstate Appellant's right to file a PAA to this Court *nunc pro tunc*.

We review an order granting or denying PCRA relief to determine whether the PCRA court's decision is supported by evidence of record and whether its decision is free from legal error. *Commonwealth v. Carpenter*, 555 Pa. 434, 725 A.2d 154, 159 (1999). In order to state a cognizable claim under the PCRA, a PCRA petitioner must plead and prove by a preponderance of the evidence that his conviction resulted from one or more of the errors or defects listed in 42 Pa.C.S. § 9543(a)(2). *Commonwealth v. Albrecht*, 554 Pa. 31, 720 A.2d 693, 698 (1999). Section 9543(a)(2)(ii) provides that "[t]o be eligible for relief under [the PCRA], the petitioner

was ineffective for failing to develop a complete defense in spite of his desire to proceed to trial.

4. The record shows that although appellate counsel was present at Appellant's PCRA hearing, the PCRA court found it unnecessary for appellate counsel to testify.

5. The PCRA court relied on the Superior Court's decisions in *Commonwealth v. Tanner*, 410 Pa.Super. 398, 600 A.2d 201, 205 (1991) (ineffectiveness claim based on appellate counsel's failure to notify appellant of his right to file a PAA in this Court was not a cognizable claim under the PCRA because it did not bear on appellant's ultimate guilt or innocence), and *Commonwealth v. Byrd*, 441 Pa.Super. 351, 657 A.2d 961, 962–63 (1995) (appellant was not entitled to PCRA relief for appellate counsel's failure to raise certain issues in a PAA because appellate counsel reviewed the record and determined that those issues were meritless).

must plead and prove . . . [t]hat the conviction of sentence resulted from . . . [i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

In essence, the PCRA court below concluded that Appellant's claim is not cognizable under Section 9543(a)(2)(ii) because counsel's failure to file a PAA to this Court could not have undermined the truth-determining process in light of the fact that (1) Appellant has no constitutional right to counsel on discretionary appeal to this Court and (2) Appellant has not shown that this Court would have granted allocatur had his counsel followed through on his promise to file a PAA. We disagree.

■■■ Regarding the first of the reasons listed above, it appears to be settled that Appellant has no federal constitutional right to counsel on a petition for discretionary review.[6] *See Ross v. Moffitt,* 417 U.S. 600, 610, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974) (holding that neither the Due Process Clause nor the Equal Protection Clause of the Fourteenth Amendment require the appointment of counsel on a petition for discretionary review to a state supreme court); *Evitts v. Lucey,* 469 U.S. 387, 401, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) (characterizing *Ross* as holding that "a criminal defendant has a right to counsel only on appeals as of right, not on discretionary state appeals"). Appellant, however, clearly has a rule-based right to counsel under Pennsylvania Rule of Criminal Procedure 122, which provides that "[w]here counsel has been assigned, such assignment shall be effective until final judgment, including *any proceedings* on direct appeal." Pa. R.Crim.P. 122(C)(3) (emphasis added). Relying on this Rule, this Court, in *Commonwealth v. Daniels,* 491 Pa. 289, 420 A.2d 1323 (1980) (per curiam), ordered the petitioner's appointed

6. This Court has not yet spoken on whether an appellant has a state constitutional right to counsel on a petition for discretionary review. However, given our disposition here, we need not reach that issue in the instant case.

counsel, who had refused to file a PAA to this Court on the petitioner's behalf, to do so.[7]  We explained that by "Rule [122], this Court long has guaranteed that a person seeking allowance of appeal is entitled to the assistance of counsel." *Id.* (citing cases); *see Commonwealth v. Swanson,* No. 507 WAL 2001, 2001 Pa. LEXIS 2417, at *1 (Pa. Nov. 14, 2001) (per curiam) (relying on *Daniels* and Pa.R.Crim.P. 122(C)(3) to order petitioner's appointed counsel, who had represented petitioner on appeal, to continue to represent petitioner on his PAA to this Court).

*Daniels* makes clear that under Rule 122, Appellant is entitled to the assistance of counsel through his discretionary appeal to this Court on direct appeal.  We have previously concluded that an appellant's rule-based right to counsel, such as the one at issue here, permits this Court to review an ineffectiveness claim based on that right brought pursuant to the PCRA.  In *Commonwealth v. Albrecht,* the appellant claimed that his PCRA counsel had been ineffective for filing a brief in which counsel explicitly waived most of the seventy-two issues raised by the appellant's former PCRA counsel in his amended PCRA petition.  *Albrecht,* 720 A.2d at 698–99.  Employing a similar analysis to that adopted by the PCRA court in the instant case, the Commonwealth essentially argued in *Albrecht* that the appellant's claim was not cognizable under the PCRA because the appellant had no Sixth Amendment right to counsel in post-conviction proceedings.  *Id.* at 699.  In rejecting that argument, this Court stated: "Though we agree with the [Commonwealth's] argument regarding the scope of the Sixth Amendment, we have never found our power to review, and if necessary, remedy the deficiencies of counsel at the post-conviction stage circumscribed by the parameters of the Sixth Amendment."  *Id.* (citation omitted). We then found that, although the appellant had no Sixth Amendment right to counsel in post-conviction proceedings, he certainly had a right, based on Pennsylvania Rule of Criminal

---

**7.**  At the time of our decision in *Daniels,* Rule 122 was numbered Rule 316.

Procedure 904,[8] to the assistance of counsel to prepare and litigate his PCRA petition. Such a right, we reiterated, necessarily included the concomitant right to the *effective* assistance of counsel. *Id.* at 700. Given this rule-based right to the effective assistance of PCRA counsel, we proceeded to review the claims Appellant alleged his PCRA counsel had been ineffective for failing to argue in his brief.

In light of *Albrecht* and Appellant's own rule-based right to the effective assistance of counsel through any discretionary appeal to this Court on direct appeal, we disagree with the PCRA court that Appellant is "precluded from seeking post-conviction relief based upon counsel's inaction resulting in the loss of opportunity to seek review in [this] Court" on the basis that he has no established constitutional right to counsel on discretionary appeal.[9] PCRA Ct. Op. at 9 n. 3.

The PCRA court also found, however, that Appellant's ineffectiveness claim is not cognizable under the PCRA because he has not shown that this Court would have granted review had his counsel filed a PAA to this Court, *i.e.*, that his claims were such that they would warrant review by this Court. Contrary to this conclusion, we agree with Appellant

8. Rule 904, which was numbered Rule 1504 at the time of our decision in *Albrecht*, provides: "[a]n appointment of counsel shall be effective throughout the post-conviction collateral proceedings, including any appeal from the disposition of the petition for post-conviction collateral relief." Pa.R.Crim.P. 904(E),

9. Such a conclusion is completely consistent with the direction this Court has recently taken in recognizing the cognizability of a broader scope of claims under Section 9543(a)(2)(ii) than that previously recognized by the lower courts. *See Commonwealth ex rel. Dadario v. Goldberg*, 565 Pa. 280, 773 A.2d 126, 130 (2001) (appellant's claim that counsel had been ineffective during plea-bargaining process was cognizable under Section 9543(a)(2)(ii), despite the fact that the ineffectiveness may not have undermined the truth-determining process in the traditional sense, *i.e.*, the guilt or innocence determination at trial); *Commonwealth v. Chester*, 557 Pa. 358, 733 A.2d 1242, 1250 (1999) ("truth-determining" and "guilt or innocence" language used in § 9543(a)(2)(ii) does not foreclose post-conviction review of penalty phase issues in capital case); *see also Commonwealth v. Lantzy*, 558 Pa. 214, 736 A.2d 564, 569–70 (1999) (rejecting the Superior Court's conclusion that for a petitioner's claim to be cognizable under § 9543(a)(2)(ii), the claim must raise a question of whether an innocent individual has been convicted).

that no such showing is required under our decision in *Commonwealth v. Lantzy*, 558 Pa. 214, 736 A.2d 564 (1999).

In *Lantzy*, the appellant filed a PCRA petition, claiming that counsel had been ineffective for failing to perfect his direct appeal to the Superior Court. The Superior Court found that such a claim was not cognizable under Section 9543(a)(2)(ii) of the PCRA because the appellant had not demonstrated that he was innocent. In reversing the Superior Court, this Court held:

> [W]here there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases, denies the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, as well as the right to direct appeal under Article V, Section 9 [of the Pennsylvania Constitution], and constitutes prejudice for purposes of Section 9543(a)(2)(ii). Therefore, in such circumstances, and where the remaining requirements of the PCRA are satisfied, *the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal.*

*Id.* at 572 (footnote omitted and emphasis added). We reasoned that counsel's unjustified failure to perfect a requested appeal is the functional equivalent of having absolutely no representation at all on direct appeal, a clear violation of the federal and state constitutional right to counsel, and that where this occurs, there is no need for the appellant to show the merits of the underlying issues he would have raised on appeal. *See id.* at 571.

The Commonwealth counters that *Lantzy* is inapplicable to this case because *Lantzy* involved the constitutional right to direct appeal, whereas the instant case merely involves a request for discretionary review. According to the Commonwealth, because Appellant has no right to allowance of appeal, he must, in essence, show that his underlying claims were deserving of this Court's review in order to show that his counsel's inaction "undermined the truth-determining pro-

cess." This argument, however, confuses the "right" to allowance of appeal with the right to *file* a petition for allowance of appeal. The Commonwealth properly points out that there is no right to allowance of appeal in this Court. *See* Pa.R.A.P. 1114 ("[R]eview of a final order of the Superior Court ... [by this Court] is *not a matter of right,* but of sound judicial discretion, and an appeal will be allowed only when there are special and important reasons therefor." (emphasis added)) Nonetheless, provided that appellate counsel believes that the claims that a petitioner would raise in a PAA to this Court would not be completely frivolous, a petitioner certainly has a right to file such a petition to this Court. *See* Pa.R.A.P. 1112 ("An appeal may be taken by allowance ... from any final order of the Superior Court[,]" and allowance for such appeal "may be sought by filing a petition for allowance of appeal" with this Court within the required time limit). Indeed, only by doing so can a petitioner avail himself of the opportunity to have this Court at least consider whether his claims warrant our review and if so, whether those claims ultimately entitle him to relief.

In light of this right to file a PAA to this Court, and given Appellant's rule-based right to the effective assistance of counsel through his discretionary appeal to this Court on direct appeal, we disagree with the Commonwealth's assertion that *Lantzy* is inapplicable here. Rather, we find the reasoning of *Lantzy* equally persuasive in the circumstances presented by this case. Here, appellate counsel readily admitted that he simply failed to file a PAA on Appellant's behalf, after promising that he would do so. Such a failure cannot be regarded as anything less than providing Appellant with *no* representation at all on that PAA, a clear violation of Appellant's rule-based right to counsel. Similar to *Lantzy,* we find that such a wholesale denial of counsel sufficiently establishes that the truth-determining process has been undermined, rendering a showing that this Court would have granted review on Appellant's underlying claims unnecessary.[10]

10. Of course, if this Court were to condone placing the burden on the petitioner to show that this Court would have granted allowance of

Accordingly, we find that the PCRA court erred in concluding that Appellant's claim was not cognizable under the PCRA and dismissing his PCRA petition without considering his claim on the merits. Thus, we reverse the order of the Superior Court and remand the matter to the PCRA court to consider, consistent with this opinion, Appellant's claim that he is entitled to file a PAA to this Court *nunc pro tunc.*[11] Jurisdiction relinquished.

appeal on the claims he would have brought in the PAA absent his counsel's ineffectiveness, it is difficult to imagine how a petitioner would meet that burden. A petitioner simply cannot be expected to speculate on the internal operations and decisions of this Court.

11. When evaluating Appellant's claim that he is entitled to *nunc pro tunc* relief based on his appellate counsel's alleged ineffectiveness for failing to file a PAA after promising to do so, the lower court must, of course, be mindful that this Court has held that the burden imposed upon a PCRA petitioner to establish that his counsel's ineffectiveness "so undermined the truth-determining process so that no reliable adjudication of guilt or innocence could have taken place" is equivalent to the prejudice requirement applied on ineffectiveness claims raised on direct appeal. *See Commonwealth v. Kimball,* 555 Pa. 299, 724 A.2d 326, 333 (1999); *see also Commonwealth v. Pierce,* 567 Pa. 186, 786 A.2d 203, 213 (2001) (in order to prove counsel's ineffectiveness, an appellant must show that the underlying claim is of arguable merit, that counsel's performance lacked a reasonable basis and that counsel's ineffectiveness prejudiced him).