J-S53021-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ELEANOR ZELLIE, | |
| Appellant | No. 192 WDA 2014 |

Appeal from the PCRA Order of January 16, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001932-2008

BEFORE:  DONOHUE, OLSON AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                     **FILED DECEMBER 12, 2014**

Appellant, Eleanor Zellie, appeals from the order entered on January 16, 2014, dismissing her second petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court has provided us with a thorough summary of the underlying facts and procedural posture.  We quote from the PCRA court's opinion in part:

> [In January 2010, f]ollowing [a jury] trial, [Appellant] was found guilty of eight counts of possession of a controlled substance with [the] intent to deliver [(hereinafter "PWID"). Specifically, Appellant was found guilty of possessing the following substances with the intent to deliver]:  cocaine, marijuana, oxycodone, buprenorphine, methylphenidate, dihydrocodeinone, clonazepam, and codeine.  The jury also found that the amount of cocaine [Appellant possessed with the intent to deliver] was [ten] grams or more but less than 100 grams, and that the amount of oxycodone [Appellant] possessed with [the] intent to deliver was [ten] grams or more but less than 100 grams.  Additionally, the jury found

*Retired Senior Judge assigned to the Superior Court.

that a firearm was located in close proximity to the controlled substances. [*See* N.T. Trial, 1/7/10, at 226-227 (instructing the jury that it must determine the weight of certain controlled substances, as well as whether Appellant possessed a firearm "in close proximity" to the controlled substances); N.T. Trial, 1/7/10, at 230 (jury determined the weight of the controlled substances, as well as the fact that Appellant possessed a firearm "in close proximity" to the controlled substances she was convicted of possessing with the intent to deliver)]. [Appellant] was also found guilty of criminal conspiracy to possess the above substances and criminal conspiracy to possess the substances with [the] intent to deliver.

[On February 22, 2010, the trial court sentenced Appellant to the mandatory minimum term of five to ten years in prison, in accordance with 42 Pa.C.S.A. § 9712.1, as a firearm was discovered "in close proximity" to the controlled substances Appellant was convicted of possessing with the intent to deliver; the trial court also sentenced Appellant to serve a consecutive term of one to five years in prison for possessing oxycodone with the intent to deliver.]

[Appellant] filed an appeal from [the] judgment of sentence [and raised] two issues: 1) whether the trial court erred in allowing the Commonwealth to rescind its plea bargain offer [and 2] whether the trial court erred when it denied Appellant's] motion to dismiss pursuant to [Pa.R.Crim.P. 600]. [The Superior Court affirmed Appellant's judgment of sentence on May 8, 2012 and Appellant did not thereafter file a petition for allowance of appeal with the Pennsylvania Supreme Court. *Commonwealth v. Zellie*, 50 A.3d 237 (Pa. Super. 2012) (unpublished memorandum) at 1-8.

[Appellant filed her first PCRA petition on October 12, 2012] and attorney Jeremy Davis was appointed to represent [Appellant]. . . . When it was determined that Attorney Davis had represented [Appellant] at her preliminary hearing, [Attorney] Davis was permitted to withdraw his appearance and attorney Dianne Zerega was appointed [to represent Appellant].

PCRA Court Opinion, 1/16/14, at 1-3 (some internal capitalization omitted).

On December 28, 2012, Appellant appeared before the PCRA court for a hearing. However, during the hearing, Appellant moved to withdraw her PCRA petition. The PCRA court conducted a colloquy with Appellant and, following the colloquy, the PCRA court determined that "[Appellant's] decision to withdraw the [PCRA petition was] voluntarily and understandingly [made] of [Appellant's] own free will." PCRA Court Order, 12/28/12, at 1. Therefore, the trial court granted Appellant's motion to withdraw the PCRA petition and the PCRA court ordered that Appellant's first PCRA petition was dismissed. *Id.*

On February 11, 2013, Appellant filed a self-titled, *pro se* "Amendment to *Pro Se* PCRA Motion," where Appellant requested that the PCRA court "rescind" the withdrawal of her initial PCRA petition. The PCRA court did not grant Appellant any relief and, on March 19, 2013, Appellant filed the current PCRA petition – which constitutes Appellant's second petition under the PCRA. Further, even though the current petition is Appellant's second under the PCRA, the PCRA court appointed counsel to represent Appellant throughout the proceedings.

On May 30, 2013, the PCRA court held a hearing on Appellant's second PCRA petition. On January 16, 2014, the PCRA court denied Appellant post-conviction collateral relief and Appellant filed a timely notice of appeal to this Court. Appellant raises one claim on appeal:

> Whether [the] PCRA court did err in failing to grant relief to [Appellant?]

Appellant's Brief at 5 (some internal capitalization omitted).

Within the argument section of Appellant's brief, Appellant simply claims that the evidence was insufficient to support her convictions. *See* Appellant's Brief at 7-9. This claim is not cognizable under our PCRA.

As our Supreme Court has held, we "review an order granting or denying PCRA relief to determine whether the PCRA court's decision is supported by evidence of record and whether its decision is free from legal error." ***Commonwealth v. Liebel***, 825 A.2d 630, 632 (Pa. 2003).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that her conviction or sentence resulted from "one or more" of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). These specifically enumerated circumstances are:

> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

. . .

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S.A. § 9543(a)(2).

On appeal, Appellant claims only that she is entitled to post-conviction collateral relief because "the evidence presented at the trial was insufficient to enable the jury to find every element of the crimes charged beyond a reasonable doubt." Appellant's Brief at 7-8. This claim is not encompassed within the seven enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2); as such, Appellant's claim is not cognizable under the PCRA. The PCRA court thus did not err when it dismissed Appellant's second PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/12/2014</u>