J-S28012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LLOYD GEORGE MAYS, | |
| Appellant | No. 1887 MDA 2014 |

Appeal from the PCRA Order October 23, 2014
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000643-2011

BEFORE:  BOWES, ALLEN, and LAZARUS, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 05, 2015**

Lloyd George Mays appeals from the order entered October 23, 2014, denying his first counseled PCRA petition.  We reverse and remand.

A jury found Appellant guilty of two counts each of rape, involuntary deviate sexual intercourse ("IDSI"), sexual assault, and one count of simple assault.  As a detailed description of the facts is unnecessary to our disposition, we need not reiterate them in full.  The facts underlying these charges stem from two separate sexual assaults on Appellant's sixty-seven year old mother with whom he was residing at the time.  Appellant vaginally and anally raped his mother and performed oral sex on her.  A more extensive factual history can be gleaned from the trial court's October 10, 2012 opinion.

Following the jury verdict, the court initially imposed an aggregate sentence of thirty-one to eighty-two years imprisonment on June 27, 2012. Specifically, the court imposed four consecutive sentences of seven and one-half to twenty years incarceration for the rape and IDSI charges, and a consecutive one to two-year jail sentence for simple assault. It concluded that the sexual assault charges merged with the rape counts. Appellant filed a timely post sentence motion on July 9, 2012. Among Appellant's claims was a sentencing merger issue. The court agreed that merger applied relative to one count of rape and one count of IDSI. Accordingly, on November 28, 2012, the court imposed an aggregate sentence of incarceration of twenty-three and one-half to sixty-two years.

Appellant again filed a timely post-sentence motion. The court denied that motion on January 31, 2013. A timely direct appeal ensued. This Court affirmed Appellant's judgment of sentence on November 19, 2013. *Commonwealth v. Mays*, 91 A.3d 1289 (Pa.Super. 2013). Appellant did not seek review with the Pennsylvania Supreme Court.

Appellant timely filed a PCRA petition on June 25, 2014, and the court appointed counsel the next day. The PCRA court conducted an evidentiary hearing on August 21, 2014, and directed the parties to file memoranda of law in support of their respective positions. Appellant and the

Commonwealth complied. Appellant contended that direct appeal counsel was ineffective in failing to seek permission for allowance of appeal.[1]

The PCRA court denied Appellant relief, incorrectly positing that Appellant was required to show that the Pennsylvania Supreme Court would have granted his petition. Indeed, the PCRA court erroneously maintained that the "reinstatement of direct appeal rights for counsel's failure to appeal to the Superior Court is different from counsel's failure to file a petition for allowance of appeal in the Supreme Court of Pennsylvania." PCRA Court Opinion, 10/23/14, at 9. This is in direct contradiction of *Commonwealth v. Liebel*, 825 A.2d 630 (Pa. 2003), which we discuss in more detail *infra*. Appellant timely appealed. The matter is now ready for this Court's review. Appellant's sole contention on appeal is "whether appellate counsel was ineffective for failing to file an appeal on Defendant's behalf?" Appellant's brief at 4.

In reviewing a PCRA appeal, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa.Super. 2014) (*en banc*). In performing this review, we consider the evidence of record and the factual findings of the

_____

[1] Appellant represented himself during trial with the assistance of stand-by counsel. Stand-by counsel was also appointed for purposes sentencing and appeal.

PCRA court. *Id*. We afford "great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record." *Id.* Accordingly, so long as a PCRA court's ruling is free of legal error and is supported by record evidence, we will not disturb its decision. *Id*. However, where the issue presents a question of law, "our standard of review is *de novo* and our scope of review is plenary." *Id.*

Here, it is beyond cavil that the PCRA court's rationale is an error of law. In ***Liebel***, our Supreme Court expressly rejected the identical reasoning proffered by the PCRA court. There, the ***Liebel*** Court relied on its earlier decision in ***Commonwealth v. Lantzy***, 736 A.2d 534 (Pa. 1999), which involved the failure to file a direct appeal and applied the same standard in the context of the failure to seek permission of allowance of appeal. The Commonwealth specifically argued that ***Lantzy*** was inapplicable because a defendant has a constitutional right to a direct appeal, but only a discretionary right to review by the Pennsylvania Supreme Court. In rejecting that position, the Supreme Court determined that the failure to file a discretionary appeal could constitute abandonment of counsel and entitle a defendant to reinstatement of his appellate right to seek permission for allowance of appeal. Accordingly, counsel can be *per se* ineffective for failing to file a requested petition for allowance of appeal. Thus, the PCRA court plainly erred in concluding that Appellant was required

- 4 -

to show that the Supreme Court would have granted his discretionary appeal. **See also Commonwealth v. Reed**, 971 A.2d 1216, 1225 (Pa. 2009) (noting three circumstances where prejudice is presumed and citing **Liebel**, **supra**); **Commonwealth v. Brown**, 18 A.3d 1147 (Pa.Super. 2011).

Instantly, Appellant and counsel acknowledged that Appellant had asked counsel to appeal his convictions "all the way." N.T., 8/21/14, at 6. Although Appellant did not tell counsel to appeal to the "Pennsylvania Supreme Court," such talismanic words are not required. Here, it is evident that appealing all the way includes seeking discretionary review. Counsel's failure to appeal also was the result of purportedly not receiving this Court's emailed decision prior to the appeal period expiring. Thus, his alerting of Appellant that he could seek further review *pro se* after the appeal period for filing a petition for allowance of appeal expired is immaterial.

Since the PCRA court erred, we reverse and remand with directions for the PCRA court to reinstate Appellant's right to file a petition for allowance of appeal upon the return of the record. Appellant shall have thirty days from the entry of that order to file a petition for allowance of appeal *nunc pro tunc*. **Cf**. Comment to Pa.R.Crim.P. 908 ("When the disposition reinstates a defendant's direct appeal rights *nunc pro tunc*, the judge, pursuant to paragraph (E), also must advise the defendant that a new notice of appeal

must be filed within 30 days of the order reinstating the direct appeal rights.").

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/5/2015