J-S44043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                        :             PENNSYLVANIA
                                         :

                  v.                         :
                                          :

BRUCE JERMAINE MURRAY, JR.       :
                                          :
            Appellant             :     No. 735 MDA 2022

Appeal from the PCRA Order Entered April 20, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0003307-2019

BEFORE: PANELLA, P.J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:           **FILED JANUARY 23, 2023**

Bruce Jermaine Murray, Jr. (Murray) appeals from the order entered in the Court of Common Pleas of York County (PCRA court) denying his first timely petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Murray alleges the ineffective assistance of appellate counsel. We affirm.

**I.**

**A.**

This case arises from an October 2018 altercation that began in a bar and escalated after Murray and the victim were removed from the property by security. As Murray walked towards the parking lot, the victim approached

---

[*] Retired Senior Judge assigned to the Superior Court.

him from behind. Murray withdrew a gun from his pocket and fired two shots striking the victim in the stomach, even though the victim was unarmed.

On March 5, 2020, a jury found Murray guilty of aggravated assault, carrying a firearm without a license, and person not to possess a firearm. On August 4, 2020, the trial court sentenced him to an aggregate term of 6½ to 13 years' incarceration. Murray filed a direct appeal in which he challenged the sufficiency and weight of the evidence supporting his conviction for aggravated assault. (*See Commonwealth v. Murray*, 260 A.3d 161 (Pa. Super. 2021)) (unpublished memorandum). This Court addressed both claims on the merits and affirmed the judgment of sentence on July 23, 2021. No further appeal was taken.[1]

**B.**

Murray, acting *pro se*, filed the instant timely PCRA petition on January 7, 2022, claiming that appellate counsel was ineffective[2] for failing to file a petition for allowance of appeal in our Supreme Court on direct appeal. Appointed counsel then filed an amended petition on his behalf. The PCRA court held an evidentiary hearing on April 20, 2022, at which appellate counsel Aaron N. Holt, Esq. and Murray appeared as witnesses.

---

[1] The 30-day deadline for filing a petition for allowance of appeal with the Pennsylvania Supreme Court was August 22, 2021. *See* Pa.R.A.P. 903(a).

[2] *See* 42 Pa.C.S. § 9543(a)(2)(ii) (providing eligibility for relief based on ineffective assistance of counsel).

Attorney Holt testified that he represented Murray for his direct appeal to the Superior Court, and that during their initial consultation, he outlined the scope of his representation and fee. (**See** PCRA Hearing, 4/20/22, at 4). After Murray's judgment of sentence was affirmed, Attorney Holt had a telephone conversation with Murray to inform him of this result and of his right to file a petition for allowance of appeal with our Supreme Court. Attorney Holt recalled that he "explained to Mr. Murray the time limits and ramifications for filing a petition for allowance of appeal[.]" (**Id.** at 5). He also advised Murray that an additional payment was required for further representation, and that if he could not afford the fee, he could obtain alternative representation or proceed *pro se*. Murray indicated that he would need to think about it, and Attorney Holt did not hear from him again until after the 30-day filing deadline had passed. Attorney Holt received a letter from Murray on September 3, 2021, requesting that he file a petition for allowance of appeal but making no mention of payment of the fee. Although the letter was dated August 10, 2021, it had been sent to the York County Clerk of Courts and was subsequently forwarded to Attorney Holt. (**See** Letter from Murray to Holt dated 8/10/21, marked as Exhibit 1).

In contrast, Murray testified that his "family paid [Attorney Holt] for the whole appeal process" which he understood as including "the Supreme." (N.T. Hearing, at 10). Murray disputed Attorney Holt's testimony that Attorney Holt called him to notify him that his direct appeal was unsuccessful. Murray

instead maintained that he received a letter from Attorney Holt advising him that his judgment of sentence had been affirmed and advising him of no further steps. However, Murray did not introduce this purported letter as an exhibit at the PCRA hearing.

Regarding Exhibit 1, Murray testified that he sent this letter and then had a phone conversation with Attorney Holt during which Attorney Holt advised that the letter had been sent to the Clerk of Courts and that the filing deadline had expired. Murray averred that he "was not aware until after the deadline had expired what [he] had to do to file an appeal to the Supreme Court, what the time limits were or how to seek outside counsel[.]" (*Id.* at 12).

The PCRA court denied Murray's petition on April 20, 2022, and this timely appeal followed. Murray and the PCRA court complied with Rule 1925. *See* Pa.R.A.P. 1925. In its opinion, the PCRA court stated that "Attorney Holt properly advised [Murray] of his rights and apprised [Murray] that in order to retain Attorney Holt, [he] needed to pay for his services in a timely manner because of the filing deadline." (PCRA Court Opinion, 6/24/22, at 6-7).

**II.**

On appeal, Murray contends that the PCRA court erred in denying his petition where he established that he requested Attorney Holt to file a petition for allowance of appeal with our Supreme Court and counsel disregarded this

- 4 -

request. (**See** Murray's Brief, at 10).[3] Murray maintains that counsel abandoned him after his judgment of sentence was affirmed by this Court and that Attorney Holt "failed to follow up with Appellant to determine whether he wished to file a Petition[.]" (**Id.** at 13-14).

## A.

To establish a claim of ineffective assistance of counsel, a petitioner must show by a preponderance of the evidence ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. **See King**, **supra** at 520. A petitioner must demonstrate that: "1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." **Id.** (citation omitted). A failure to satisfy any of these prongs requires rejection of the claim. **See id.** at 521. Additionally, we presume that counsel has rendered effective assistance. **See id.**

---

[3] "Our standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. King**, 259 A.3d 511, 520 (Pa. Super. 2021) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." **Id.** (citation omitted).

As noted, Murray's issue centers on appellate counsel's actions after his judgment of sentence was affirmed by this Court on direct appeal. Our Supreme Court has explained that a criminal defendant has a rule-based right to counsel under Pennsylvania Rule of Criminal Procedure 122 throughout the direct appeal process, including through the filing of a petition for allowance of appeal with that Court. **See Commonwealth v. Liebel**, 825 A.2d 630, 633 (Pa. 2003); **see also** Pa.R.Crim.P. 122(B)(2). Therefore, an appellant is entitled to the effective assistance of counsel through a discretionary appeal to our Supreme Court, and we may review an ineffectiveness claim based on that right brought pursuant to the PCRA. **See Liebel**, **supra** at 633, 635.

**Liebel** and **Commonwealth v. Bath**, **infra**, are instructive to our analysis. In **Liebel**, counsel readily admitted that he failed to file a petition for allowance of appeal on the defendant's behalf after promising that he would do so. The Court determined that this was the functional equivalent of providing appellant with no representation at all in violation of Rule 122, and that it constitutes ineffective assistance *per se*. The Court held that "this wholesale denial of counsel sufficiently establishes that the truth-determining process has been undermined, rendering a showing that this Court would have granted review on Appellant's underling claims unnecessary." *Id.* at 635-636. Thus, to establish ineffectiveness for failing to file a requested petition for allowance of appeal, "the defendant must prove that he requested [this action]

- 6 -

and that counsel disregarded that request." ***Commonwealth v. Bath***, 907 A.2d 619, 622 (Pa. Super. 2006), *appeal denied*, 918 A.2d 741 (Pa. 2007).

In ***Bath***, this Court focused on counsel's obligation to consult, and we considered whether counsel's failure to consult with an appellant concerning whether to file a petition for allowance of appeal to our Supreme Court constitutes ineffective assistance of counsel *per se*. ***See id.*** at 620. In that case, Bath never asked counsel to file a petition for allowance of appeal and counsel did not consult with him about the potential advantages of filing such petition. ***See id.*** at 622. This Court held that this does not constitute ineffectiveness *per se*, and that a defendant must establish a duty to consult by indicating issues of potential merit for further review by our Supreme Court to establish prejudice. ***See id.*** at 621, 623. Because Bath offered no argument in support of the issues he raised on direct appeal that could warrant further review, he did not meet his burden of showing prejudice. ***See id.*** at 624.

**B.**

In the instant case, the record reflects that Attorney Holt timely informed Murray of his right to file a petition for allowance of appeal after this Court affirmed his judgment of sentence. During that initial phone conversation, Attorney Holt "explained to Mr. Murray the time limits and ramifications for filing a petition for allowance of appeal[.]" (N.T. Hearing, at 5). Attorney Holt also explained that payment by Murray for this additional

service was necessary, and that if Murray declined to make such payment, he could still proceed *pro se* or with alternate counsel. At that time, Murray indicated only that he would need to think about it before making a decision. Although Attorney Holt eventually received a letter from Murray asking that he file the petition, Holt received the letter well after the filing deadline had passed, and that letter makes no mention of payment of the fee required for this service.

Based on this record, we cannot agree with Murray's assertion that Attorney Holt abandoned him or that he experienced a "wholesale denial of counsel." **Liebel**, *supra* at 635. Nor did Murray establish that counsel "disregarded" his request to file a petition for allowance of appeal, as Attorney Holt learned of the request only after the filing deadline had passed and, therefore, **could not** act. Accordingly, Murray has failed to demonstrate ineffective assistance *per se*.

Insofar as Murray claims ineffectiveness for Attorney Holt's lack of "follow up" or consultation, the trial court credited Attorney Holt's testimony that he "properly advised [Murray] of his rights and apprised [Murray] that in order to retain Attorney Holt, [he] needed to pay for his services in a timely manner because of the filing deadline." (PCRA Ct. Op., at 6-7). We are bound by the PCRA court's creditability determination, which is amply supported by the record. **See King**, *supra* at 520. Furthermore, like the appellant in **Bath**, because Murray advances no argument in support of the issues that were

found meritless by this Court on direct appeal, he has failed to demonstrate that he suffered any prejudice. **See Bath**, **supra** at 624. Murray's claim of ineffective assistance of appellate counsel merits no relief.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/23/2023