J-S79019-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT J. DUNSTON | |
| Appellant | No. 3293 EDA 2013 |

Appeal from the PCRA Order November 8, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1200471-2005

BEFORE:  ALLEN, OLSON and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JANUARY 08, 2015**

Appellant, Robert J. Dunston, appeals from the order entered on November 8, 2013, dismissing his first petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court has ably summarized the underlying facts and procedural posture of this case.  As the PCRA court explained:

> [M.A. was born in 1985.  In 1991, M.A.] was a foster child and was placed in the home of Appellant's mother, Vendetta Stephens.  Eventually the family [moved to a home in Philadelphia, where M.A.] lived with Stephens, her sons [(Appellant and Sherrod)], and two other foster children. [M.A.] testified that when she was ten [] years old, Stephens took Sherrod to a show, leaving Appellant to watch over [M.A.] and the other two foster children.  On that occasion, Appellant took [M.A.] into his room and told her that they were going to play a game and that [M.A.] could not tell anyone about it.  He then instructed her to lie on the floor and not move, whereupon he pulled [M.A.'s] pants down, put his penis between her thighs, and ejaculated.  [M.A.] testified that Appellant repeated this act

*Retired Senior Judge assigned to the Superior Court.

approximately [ten] times between the time she was ten [] and [11] years old. She [testified] that while the family was asleep, Appellant came into her room she shared with the other foster child, picked her up, and carried her to his bedroom where he repeated his assault. . . .

[M.A.] testified that at age [12,] Appellant began inserting his penis into her vagina. She [testified] that Appellant repeated a similar pattern of awakening her at night, carrying her downstairs, either to his bedroom or to the basement, placing her onto the bed or on the floor, and putting his penis into her vagina. She further [testified] that there were occasions when Appellant inserted his penis into her vagina [that Appellant] would ask that she grab his scrotum. [Appellant] also asked that she suck his nipples. . . .

[M.A.] described another occasion after a fire occurred at the family home necessitating [that the family] relocate[] to the Adams Mark Hotel for three months. There, Appellant took [M.A.] to his room, pulled her onto the bed, and inserted his penis into her vagina. . . .

[M.A. testified] that Appellant penetrated her vagina with his penis from [the time she was 12 years old] until the time she left foster care [at 13 years of age]. [M.A. testified] that she did not report the incidents to Appellant's mother because she was afraid that she would not be believed and [that] Appellant's mother would believe Appellant. She testified that she did not report [the abuse] to her teacher because she felt shame.

[M.A.] left the [Stephens'] home in December [] 1998 and went to live with her mother. Shortly thereafter, when [M.A.] was approximately 15 years old, she reported the incidents to her mother. [M.A.] later told her boyfriend . . . of the incidents, and . . . , in 2005, [M.A.], then 19 years old, reported [the abuse] to the police.

. . .

[In September 2005,] Appellant was arrested and charged with rape and related offenses. On February 29, 2008, following a jury trial [where Appellant was represented by

- 2 -

Gerald Ingram, Esquire (hereinafter "Attorney Ingram")], . . . Appellant was found guilty of [rape by forcible compulsion, indecent assault, endangering the welfare of a child, and corruption of minors][1] and[,] on January 16, 2009[, Appellant] was sentenced to [serve] a term of [six-and-one-half to 13 years in prison].

. . .

On February 13, 2009[,] the [trial c]ourt granted [Attorney Ingram's] motion to withdraw and[, on February 20, 2009,] new counsel was [] appointed. [New counsel was Salvator Adamo, Esquire (hereinafter "Attorney Adamo"). In the trial court's appointment order, the trial court declared that Appellant's appeal rights had been reinstated and that Attorney Adamo had 30 days from the date he was appointed to file a notice of appeal]. No notice of appeal was filed.

On April 27, 2011[, Attorney Adamo] filed the instant [PCRA] petition . . . alleging [that he was ineffective] for failing to file a direct appeal [on Appellant's behalf]. [New] PCRA counsel was [] appointed and[,] on May 1, 2012[, PCRA counsel filed an amended] PCRA petition. [Within Appellant's PCRA petition, Appellant claimed that Attorney Adamo was ineffective for failing to file a direct appeal on his behalf. Further, with respect to the issue of the timeliness of Appellant's PCRA petition, Appellant claimed that he first learned that Attorney Adamo failed to file a direct appeal on April 27, 2011 – when Attorney Adamo filed a PCRA petition and "asserted his own ineffectiveness for failing to file a timely notice of appeal."]

PCRA Court Opinion, 4/29/14, at 1-3 (internal citations omitted) (some internal capitalization omitted).

_____

1 18 Pa.C.S.A. §§ 3121(a)(1), 3126(a)(7), 4304(a), and 6301(a), respectively.

On April 15, 2013, the PCRA court held a hearing on Appellant's PCRA petition. The hearing was limited in scope and was focused upon the issue of whether Appellant's PCRA petition was timely.

During the PCRA hearing, Attorney Adamo testified that – although he did not file a direct appeal on Appellant's behalf – Appellant knew, in **April 2009**, that a notice of appeal had not been filed in his case.[2]  Attorney Adamo testified:

> Q: Now, [Attorney] Adamo, at some point in time did you become aware that while you were working on this appeal there had, in fact, never been a notice of appeal filed within the required 30 days?
>
> A: Yes.  I became aware April 19th 2011[,] when I received a letter from the disciplinary board.  And at that point in time I learned that a notice of appeal wasn't filed.  I also learned in the disciplinary complaint that [Appellant] was aware that [the] notice of appeal wasn't filed in April, 2009, approximately two months after my appointment.
>
> . . .
>
> Q: Once you received this letter that [Appellant] had contacted the disciplinary board, and as a result they contacted you, laid out a history of the case which included the fact that [Appellant] ha[d] been notified by a letter as early as April 22nd of 2009, that is, approximately four months after he was sentenced, that no direct appeal ha[d] been filed, what, if any, action did you take?
>
> A: I filed a PCRA [petition] trying to get his appellate rights reinstated and a motion to withdraw.

---

[2] Again, Attorney Adamo was appointed on February 20, 2009 – 34 days **after** Appellant was sentenced in the matter.

- 4 -

. . .

Q: [Are] there any other circumstances surrounding your representation of [Appellant] in filing his PCRA [petition] that you think needs to be brought to the [PCRA c]ourt's attention?

A: Had [Appellant] advised me when he became aware in April 2009 that a notice of appeal wasn't filed, I would have filed a PCRA [petition] to have the appellate rights reinstated. There's no question about that. Within a year. He sat back on his hands and then filed this grievance, and it's dumbfounding. Because it's common knowledge in prison that you have to file a notice of appeal to have your appeal go forward.

N.T. PCRA Hearing, 4/15/13, at 13-15.

On November 8, 2013, the PCRA court dismissed Appellant's PCRA petition, because the petition was untimely and did not satisfy any of the statutory exceptions to the one-year time-bar. Trial Court Order, 11/8/13, at 1; *see also* Trial Court Order, 10/1/13, at 1. Appellant filed a notice of appeal and now raises the following claim to this Court:

The PCRA court erred by denying [Appellant] PCRA relief and he is entitled to file an appeal *nunc pro tunc* because [Appellant's] amended PCRA petition is not untimely, the PCRA court had jurisdiction to decide this amended PCRA petition and [Appellant] is entitled to an exception to the one year filing requirement pursuant to 42 Pa.C.S.A. § 9545(b)(1)(ii).

Appellant's Brief at 3.

We conclude that the PCRA court properly dismissed Appellant's untimely PCRA petition.

As our Supreme Court has held, we "review an order granting or denying PCRA relief to determine whether the PCRA court's decision is supported by evidence of record and whether its decision is free from legal error." *Commonwealth v. Liebel*, 825 A.2d 630, 632 (Pa. 2003).

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." *Commonwealth v. McKeever*, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we consider the underlying claims. *Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. *See*, *e.g.*, *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); *Commonwealth v. Fahy*, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the

> PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

***Commonwealth v. Whitney***, 817 A.2d 473, 475-476 (Pa. 2003).

In the case at bar, Appellant's judgment of sentence became final on March 23, 2009, which was 31 days after Appellant's direct appeal rights were reinstated and the court-ordered time for filing a notice of appeal to this Court expired. ***See*** Trial Court Order, 2/13/09, at 1 ("[Appellant's] appeal rights . . . are reinstated . . . and [] appellate counsel [must] file notice of appeal in this court within [30] days from the date of his/her appointment") (internal capitalization omitted); Docket Entry, 2/20/09, at 1 (entry of appearance by Attorney Adamo). Appellant then had until March 23, 2010 to file a timely PCRA petition. 42 Pa.C.S.A. § 9545(b). As Appellant did not file his current petition until April 27, 2011, the current petition is facially untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead all required elements of the relied-upon exception).

Here, Appellant claims that he invoked the "after-discovered facts" exception to the time-bar. This statutory exception provides:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the

- 7 -

date the judgment becomes final, unless the petition alleges and the petitioner proves that:

. . .

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]

. . .

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

The PCRA's after-discovered facts exception permits the filing of a petition outside of the one-year time-bar if the petitioner pleads and proves that the facts upon which the claim is predicated "were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii). Our Supreme Court has explained that the after-discovered facts exception "does not require any merits analysis of the underlying claim. Rather, the exception merely requires that the 'facts' upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence." **Commonwealth v. Bennett**, 930 A.2d 1264, 1271 (Pa. 2007) (internal quotations and citation omitted), *quoting* **Commonwealth v. Lambert**, 884 A.2d 848, 852 (Pa. 2005).

Within Appellant's PCRA petition, Appellant claimed that Attorney Adamo was ineffective for failing to file a direct appeal on his behalf.

Further, according to Appellant, his PCRA petition satisfies the "after-discovered facts" exception to the one-year time-bar because it was not until April 27, 2011 that he first learned Attorney Adamo had failed to file the notice of appeal. *See* Appellant's Brief at 24. Therefore, according to Appellant, since he filed his PCRA petition on April 27, 2011, his petition is timely under 42 Pa.C.S.A. § 9545(b)(1)(ii). *Id.*

Appellant's claim fails, as it is belied by the record. Indeed, Attorney Adamo specifically testified that Appellant "became aware in **April 2009** that a notice of appeal wasn't filed" – and that Appellant failed to take any action on this knowledge until 2011. N.T. PCRA Hearing, 4/15/13, at 13-15 (emphasis added). The PCRA court dismissed Appellant's PCRA petition as untimely and, thus, credited Attorney Adamo's PCRA hearing testimony. Trial Court Order, 11/8/13, at 1; *see also* Trial Court Order, 10/1/13, at 1.

Therefore, since Appellant knew, in April 2009, of the facts upon which he bases his ineffective assistance of counsel claim – and since Appellant did not file his PCRA petition until April 2011 – Appellant's attempt to satisfy the PCRA's "after-discovered facts" exception fails.

In conclusion, Appellant has failed to prove a valid exception to the PCRA's one-year time-bar. As such, Appellant's petition is time-barred and our "courts are without jurisdiction to offer [Appellant] any form of relief." ***Commonwealth v. Jackson***, 30 A.3d 516, 523 (Pa. Super. 2011). We

thus affirm the PCRA court's order, dismissing Appellant's PCRA petition as untimely.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/8/2015