J-S65024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,

Appellee

v.

DAVID CLAPPER,

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 161 WDA 2016

Appeal from the PCRA Order of October 30, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013172-2009

BEFORE:  LAZARUS, OLSON AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:  **FILED DECEMBER 12, 2016**

Appellant, David Clapper, appeals from the order entered on October 30, 2015, which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This Court previously summarized the facts underlying this appeal.  As this Court explained:

> On August 9, 2009, Appellant was arrested in connection with a sexual assault that occurred the previous evening. The victim reported that, at approximately [9:00 p.m.] on the evening of August 8, 2009, Appellant approached her in an alleyway, engaged her in conversation, and then grabbed her.  Appellant [grabbed the victim's breasts,] placed his hands down her pants[,] and penetrated her vagina with his fingers before she was able to break his embrace and run away.
>
> . . .
>
> On November 4, 2011, Appellant waived his right to a jury trial and proceeded to a bench trial. . . .  Prior to the

*Retired Senior Judge assigned to the Superior Court.

presentation of witnesses, Appellant stipulated that he was guilty of indecent assault[1] and simple assault.[2] Thereafter, Appellant proceeded to trial on the remaining charges of aggravated indecent assault[3] and unlawful restraint.[4] . . .

[During trial, the victim testified that Appellant walked up to her in an alley and asked to borrow a lighter. The victim testified that, after giving Appellant the lighter:

> My sunglasses fell off my head, so I went down to pick them up, and that's whenever I was put in a bear hug, and my defense was to try to fall to the ground and try to wrestle my way out of it, except at that point, whenever I did that, [Appellant] ended up choking me on my neck, and at that time, he was also fondling my breasts, and had already unzipped and unbuttoned my pants and had his hands down inside of my pants and inside of me. . . . He was penetrating my vagina.

N.T. Trial, 11/4/11, at 15].

. . .

At the close of trial, on November 4, 2011, the trial court found Appellant guilty of aggravated indecent assault, but not guilty of unlawful restraint.

On January 12, 2012, the trial court sentenced Appellant to [serve a term of two to four years in prison, followed by five years of probation, for his aggravated indecent assault conviction and to serve a consecutive term of two years of probation for his indecent assault conviction].

_____

[1] 18 Pa.C.S.A. § 3126(a)(1).

[2] 18 Pa.C.S.A. § 2701(a)(1).

[3] 18 Pa.C.S.A. § 3125(a)(1).

[4] 18 Pa.C.S.A. § 2902(a)(1).

. . .

On direct appeal, Appellant challenged [] the weight of the evidence. [The Superior] Court affirmed [Appellant's judgment of sentence] and our Supreme Court denied Appellant's petition for allowance of appeal on May 29, 2013.

Appellant timely filed [his] PCRA petition[, *pro se*,] on August 9, 2013, which raised five issues. He first [claimed] that the [trial] court gave an erroneous jury waiver colloquy. Second, Appellant claimed counsel was ineffective for not calling an author of a nurse's report, which would have purportedly established the victim's perjury. Third, he [claimed] the [trial] court erred by not conducting a pre-sentence investigation. Fourth, Appellant maintained the [trial] judge was racially biased against him. Lastly, he [claimed] trial counsel was ineffective [for] not introducing an exculpatory videotape.

The PCRA court appointed counsel, who filed a petition to withdraw pursuant to [**Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)]. . . .

The PCRA court issued a [Pennsylvania Rule of Criminal Procedure] 907 notice of intent to dismiss. Appellant filed a timely response in opposition, which withdrew the nursing report issue and raised two new issues: the victim willfully perjured herself and the [trial] court failed to colloquy Appellant regarding his guilty pleas. . . . On March 27, 2014, the PCRA court dismissed Appellant's PCRA petition and granted permission for Appellant's PCRA counsel to withdraw.

Appellant filed a *pro se* timely appeal on April 22, 2014 . . . [and raised] the following issues in his appellate brief:

[1.] Whether trial counsel was constitutionally ineffective for failing to present exculpatory video evidence.

[2.] Whether Appellant's constitutional rights were violated by the perjured testimony of the victim.

- 3 -

[3.] Whether the trial court erred in that it failed to conduct a plea colloquy which would have revealed that Appellant's guilty plea[s] were the product of unlawful inducement by trial counsel's promises.

[4.] Whether PCRA counsel's "no merit letter" was legally insufficien[t] for failing to research and properly address Appellant's claim[s] of error[].

[5.] Whether the PCRA court erred in failing to independently address Appellant's claims by wholesale adoption of counsel's "no merit letter."

***Commonwealth v. Clapper***, 116 A.3d 693 (Pa. Super. 2014) (unpublished memorandum) at 2-5 (internal citations, quotations, corrections, and footnotes omitted).

On appeal, this Court held that Appellant's first, second, fourth, and fifth claims were meritless. ***Id.*** at 1-14. However, this Court held that Appellant's third claim – regarding the "failure" of the trial court to conduct a plea colloquy – required an evidentiary hearing to resolve. Therefore, this Court vacated the order of the PCRA court and remanded the case for the limited purpose of holding "an evidentiary hearing on whether PCRA counsel was ineffective for failing to investigate the absence of a guilty plea colloquy." ***Id.*** at 14. Within this Court's memorandum, we did not authorize any further amendment of Appellant's PCRA petition. ***See id.*** at 1-14.

On remand, the PCRA court appointed new counsel to represent Appellant and counsel promptly filed a motion for leave to amend the PCRA petition. Specifically, counsel wished to raise the following two new claims for relief: 1) "that trial counsel rendered ineffective assistance by using

improper explanations and justifications in advising [Appellant] to waive his right to a jury trial" and 2) "that trial counsel rendered ineffective assistance by failing to . . . argue that [Appellant's] convictions for aggravated indecent assault and indecent assault should have merged for sentencing purposes." Appellant's Motion to Amend PCRA Petition, 6/18/15, at 2-3 (some internal capitalization omitted).

On July 28, 2015, the PCRA court denied Appellant's leave to amend his PCRA petition, as the new claims Appellant wished to raise were outside of the scope of this Court's limited remand order. PCRA Court Order, 7/28/15, at 1.

On October 21, 2015, the PCRA court held a hearing "on whether PCRA counsel was ineffective for failing to investigate the absence of a guilty plea colloquy." *See Clapper*, 116 A.3d at 693; N.T. PCRA Hearing, 10/21/15, at 1-32. On October 30, 2015, the PCRA court issued an order denying Appellant relief. PCRA Court Order, 10/30/15, at 1.

Appellant filed a timely notice of appeal[5] and now raises the following claims:

_____

[5] The PCRA court apparently failed to serve the October 30, 2015 order upon Appellant. Therefore, on December 29, 2015, Appellant filed a second PCRA petition, claiming that, as a result of governmental interference, he was denied his right to appeal the dismissal of his first PCRA petition. Appellant's Second PCRA Petition, 12/29/15, at 5. Specifically, Appellant claimed that the PCRA court failed to properly serve the October 30, 2015 order upon Appellant's counsel, that neither Appellant nor his counsel received a copy of the October 30, 2015 order, and that Appellant first learned of the dismissal
*(Footnote Continued Next Page)*

> 1. Did the [PCRA] court err by denying [Appellant's] motion for leave to amend his PCRA petition?
>
> 2. Did the [PCRA] court err by concluding that trial counsel did not render ineffective assistance?

Appellant's Brief at 6 (some internal capitalization omitted).

We review an order granting or denying PCRA relief "to determine whether the PCRA court's decision is supported by evidence of record and whether its decision is free from legal error." *Commonwealth v. Liebel*, 825 A.2d 630, 632 (Pa. 2003), *citing* *Commonwealth v. Carpenter*, 725 A.2d 154, 159 (Pa. 1999).

On appeal, Appellant acknowledges that the issue upon which this Court granted limited remand is "wholly frivolous." Appellant's Brief at 18. Nevertheless, Appellant claims that the PCRA court erred in denying his motion for leave to amend his PCRA petition, so that Appellant could raise his two new, additional claims. Appellant's claim fails because, in *Commonwealth v. Sepulveda*, 144 A.3d 1270 (Pa. 2016), the Pennsylvania Supreme Court specifically held: "[t]he PCRA court does not

---
*(Footnote Continued)*

order on December 10, 2015. *Id.* at 1-5. Appellant claimed that he filed his second PCRA petition within 60 days of the date he learned (or could have learned) of the dismissal. *Id.* at 5-6. As such, Appellant requested that the PCRA court reinstate his right to appeal the October 30, 2015 dismissal order. *Id.* at 7. On January 13, 2016, the PCRA court granted Appellant's request and reinstated Appellant's right to appeal from the October 30, 2015 dismissal order. PCRA Court Order, 1/13/16, at 1. Appellant then filed a timely notice of appeal.

have the authority or the discretion to permit a petitioner to raise new claims outside the scope of the remand order and to treat those new claims as an amendment to an adjudicated PCRA petition." *Sepulveda*, 144 A.3d at 1280. We thus paraphrase the *Sepulveda* Court and hold, in the case at bar, the following:

> In the case at bar, the PCRA [court] fully addressed the issues raised in [Appellant's] first, timely PCRA petition . . . and rendered a final decision on that petition [on March 27, 2014. Appellant] appealed from the final order disposing of his first PCRA petition to [the Superior Court]. After thoroughly considering all of the issues presented on appeal, this Court issued an order remanding the case to the PCRA court for its consideration of [one] specific and discrete issue[, namely "whether PCRA counsel was ineffective for failing to investigate the absence of a guilty plea colloquy." *Clapper*, 116 A.3d at 693. The PCRA court thus did not have discretion to permit Appellant] to amend his otherwise finally decided PCRA petition with new, previously unraised claims.

*Sepulveda*, 144 A.3d at 1280-1281.

As such, the PCRA court did not err, on remand, in denying Appellant's motion for leave to amend his PCRA petition.[6, 7]

---

[6] We note that Appellant sought leave to amend his PCRA petition to, essentially, raise an illegality of sentencing claim. Specifically, Appellant sought leave to amend his petition to claim "that trial counsel rendered ineffective assistance by failing to . . . argue that [Appellant's] convictions for aggravated indecent assault and indecent assault should have merged for sentencing purposes." Appellant's Motion to Amend PCRA Petition, 6/18/15, at 2-3. As this Court has held, "although illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition." *Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa. Super. 2013). In this case, Appellant failed to present his illegal sentencing claim in a timely PCRA

*(Footnote Continued Next Page)*

Order affirmed.

_____
*(Footnote Continued)*

petition. Therefore, we cannot consider Appellant's claim on appeal. ***Id.*** Moreover, even if we could consider the claim, the claim is frivolous since the victim testified that Appellant penetrated her vagina without her consent (thus satisfying the requirements of aggravated indecent assault) and touched her breasts without her consent (thus satisfying the requirements of indecent assault **but not** the requirements of aggravated indecent assault). N.T. Trial, 11/4/11, at 15; ***see also*** 18 Pa.C.S.A. § 3125(a)(1) (". . . a person who **engages in penetration, however slight, of the genitals or anus of a complainant** with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if . . . the person does so without the complainant's consent") (emphasis added); 18 Pa.C.S.A. § 3126(a)(1) ("A person is guilty of indecent assault if **the person has indecent contact with the complainant**, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and . . . the person does so without the complainant's consent") (emphasis added).

[7] With respect to Appellant's second numbered claim on appeal, the argument section of Appellant's brief simply: 1) acknowledges the frivolity of the issue upon which this Court granted limited remand and 2) declares that the claims in Appellant's motion for leave to amend the PCRA petition have merit. Given our disposition in this matter, wherein we find that the PCRA court did not err in denying Appellant's motion for leave to amend, we will not consider Appellant's second numbered claim on appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/12/2016</u>