J-S20036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN LIEBEL | : | |
| | : | |
| Appellant | : | No. 3454 EDA 2016 |

Appeal from the PCRA Order September 19, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0002466-1997

BEFORE:   BOWES, J., OTT, J. and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OTT, J.:                                    **FILED JUNE 06, 2017**

John Liebel appeals, *pro se*, from the order entered September 19, 2016, dismissing as untimely his **eighth** petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Liebel seeks relief from the judgment of sentence of a mandatory term of life imprisonment imposed on October 10, 1997, following his conviction of first-degree murder for the February 1997 death of his father.  On appeal, Liebel argues the PCRA court erred in (1) finding he failed to qualify for the newly discovered fact exception to the PCRA timing requirements, and (2) failing to grant his request to withdraw his guilty plea based upon counsel's ineffectiveness. For the reasons below, we affirm.

The facts and procedural history underlying Liebel's conviction are summarized by the PCRA court as follows:

[O]n February 22, 1997, [Liebel's] father fired him from the family business and ordered him to move out of his parents' home. [Liebel] decided to burn the family bible and family portrait. When his father entered the room while he was still in front of the stove, he shoved [Liebel] to the side and took the items out of the fire. [Liebel] then tackled his father from behind and placed his arm around his father's neck and choked him. Once his father was unresponsive, he then tied a camera strap around his neck and continued to choke him. [Liebel] eventually turned himself into police.

On September 15, 1997, [Liebel] entered a guilty plea to Criminal Homicide and a degree of guilt hearing was immediately held. On September 17, 1997, after a two day hearing, the trial court found [Liebel] guilty of First Degree Murder. Sentencing was deferred until October 10, 1997. On September 23, 1997, [Liebel] filed a *pro se* letter requesting to withdraw his guilty plea and his counsel filed a memorandum of law in support of [Liebel's] request to withdraw his plea. On October 10, 1997, the trial court denied the motion and the court sentenced [Liebel] to the mandatory sentence of life imprisonment.

[Liebel] filed a post-sentence motion … and a supplemental post-sentence motion[. He] challenged the sufficiency of the evidence for the First Degree Murder charge, the voluntariness of his plea, alleged that the trial court erred in not permitting him to withdraw his plea, and alleged ineffective assistance of trial counsel for failing to present evidence of physical, sexual, and emotional abuse of [Liebel] by his father. An evidentiary hearing was held … and the motion was thereafter denied on February 20, 1998. [Liebel] then filed a direct appeal to the Superior Court of Pennsylvania, which was denied on March 5, 1999. [*See Commonwealth v. Liebel*, 737 A.2d 1275 (Pa. Super. 1999) (unpublished memorandum).]

On February 18, 2000, [Liebel] filed his first *pro se* PCRA petition and was appointed counsel. [C]ounsel filed an amended petition raising claims that [Liebel's] plea was involuntary and/or his guilty plea colloquy was ineffective, and ineffective assistance of counsel claims involving trial counsel's failure to investigate and/or produce evidence of abuse. After an evidentiary hearing was held, the PCRA Court dismissed the petition on July 21, 2000.

[Liebel] appealed to the Superior Court and was denied relief on June 13, 2001. The Pennsylvania Supreme Court granted [Liebel's] allowance of appeal on the issue of whether appellate counsel's failure to file a petition for allowance of appeal on direct appeal after [Liebel] requested the petition be filed was cognizable under the PCRA. On June 9, 2013, the Supreme Court held that the claim was cognizable under the PCRA and remanded the case back to the PCRA Court for further proceedings. [*See Commonwealth v. Liebel*, 825 A.2d 630 (Pa. 2003).]

The PCRA Court appointed new counsel and on January 16, 2004, granted [Liebel] leave to file a petition for allowance of appeal *nunc pro tunc*. [Liebel] filed a petition and on August 27, 2004, the Supreme Court denied the petition. [*See Commonwealth v. Liebel*, 875 A.2d 1074 (Pa. 2004).] On October 4, 2004, the Supreme Court denied [Liebel's] application for reconsideration.

[Liebel] filed six additional PCRA petitions on July 17, 2006, October 10, 2007, February 28, 2008, July 23, 2008, September 2, 2009 and May 18, 2012. The July 2006, October 2007, September 2009 and May 2012 petitions were denied on the basis that his claims were previously litigated and waived, without merit, and/or time barred. The February 2008 and July 2008 petitions were withdrawn after the PCRA Court issued a 907 Notice of Intent to Dismiss the petitions.

On July 19, 2016, [Liebel] filed his eighth PCRA petition, challenging the voluntariness of his guilty plea and alleging ineffective assistance of counsel for failing to investigate [his] claims of alleged abuse[] by his father. [Liebel's] Petition was filed over ten and one-half years past the one year filing deadline. [Liebel] asserts that he qualifies for an exception pursuant to newly-discovered evidence under 42 Pa.C.S.A. § 9545(b)(1)(ii)(2). [Liebel] alleges that the newly-discovered evidence consists of a letter he received on June 22, 2016 from Father Donald of Saint Vincent Archabbey in Latrobe, Pennsylvania. The letter stated that [Liebel's] father was at a monastery in New York for seven years as "a permanent oblate" and that he "could be volatile at times."

On August 4, 2016, the Commonwealth filed a motion to dismiss [Liebel's] Petition. On August 22, 2016, [the PCRA] Court issued a 907 Notice of Intent to Dismiss, noting that the

Petition was time-barred and [Liebel's] arguments were meritless. On September 2, 2016, [Liebel] responded to the Notice. On September 21, 2016, this Court entered an order denying the Petition.

PCRA Court Opinion, 11/21/2016, at unnumbered 1-4. This timely appeal followed.[1]

On appeal, Liebel first contends the PCRA court applied an incorrect standard when it found his petition was untimely filed. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Mitchell***, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). Further, a PCRA court may dismiss a petition "without an evidentiary hearing if there are no genuine issues of material fact and the petitioner is not entitled to relief." ***Id.*** (citations omitted).

Here, the PCRA court determined Liebel's eighth PCRA petition was untimely filed. ***See*** PCRA Court Opinion, 11/21/2016, at unnumbered 6-10.

> The PCRA timeliness requirement … is mandatory and jurisdictional in nature. ***Commonwealth v. Taylor***, 933 A.2d 1035, 1038 (Pa. Super. 2007), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008) (citing ***Commonwealth v. Murray***, 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. ***Id.***

_____

[1] On October 14, 2016, the PCRA court ordered Liebel to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Liebel complied with this directive, and filed a concise statement on November 7, 2016.

- 4 -

*Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S.Ct. 2695 (U.S. 2014).

A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S. § 9545(b)(1). Liebel's judgment of sentence was final on November 26, 2004, 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal from his direct appeal, and he failed to petition for a writ of *certiorari* in the United States Supreme Court.[2] **See id.** at § 9545(b)(3); United States Supreme Court Rule 13. Therefore, he had until November 26, 2005, to file a timely petition, and the one before us, filed nearly 11 years later, is patently untimely.

Nevertheless, an untimely PCRA petition may still be considered if one of the three time-for-filing exceptions applies. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). A PCRA petition alleging any of the exceptions under Section 9545(b)(1) must be filed within 60 days of when the PCRA claim could have first been brought. **See** 42 Pa.C.S. § 9545(b)(2).

In the present case, Liebel asserts his petition meets the timeliness exception for newly discovered facts found in Section 9545(b)(1)(ii). **See** Liebel's Brief at 1. This exception requires the petitioner to allege and prove that "the facts upon which the claim is predicated were unknown to the

_____

[2] We note the 90th day, November 25, 2004, was Thanksgiving Day, a legal holiday. **See** 1 Pa.C.S. § 1908.

petitioner and could not have been ascertained by the exercise of due diligence[.]"   42 Pa.C.S. § 9545(b)(1)(ii).   ***See also Commonwealth v. Burton***, ___ A.3d ___, ___, 2017 WL 1149203, at *8 (Pa. Mar. 28, 2017).

Here, Liebel asserts the 2016 letter[3] from Father Donald contains two facts which were previously unknown to him:  (1) his father (the victim) was never a monk, but rather, only an oblate;[4]  and (2) his father was "volatile on more than one occasion during his time as an oblate" when he lived in an abbey in New York from 1962 to 1969.  Liebel's Brief at 2.  He insists these new "facts" are "contrary to the previous evidence in this case[.]"  Liebel's Brief at 2.  Specifically,

> [t]he fact that [his] father was not a monk means that his parents' cover-story for abusing him was false, and the fact that [Liebel's] father was volatile at the monastery means that his volatility cannot be blamed on children.

***Id.***  With regard to the "due diligence" requirement, Liebel contends he had no reason to "seek information about his father's time at the monastery '30

---

[3] We note the letter is dated June 18, 2016, less than 60 days before he filed his PCRA petition on July 19, 2016.  ***See*** 42 Pa.C.S. § 9545(b)(2).

[4] The letter Liebel received from Father Donald explained that Liebel's father "became a permanent oblate rather than make solemn vows." *Pro Se* Petition Under the Post Conviction Relief Act, 7/20/2016, Exhibit  3 (Letter from Father Donald to Liebel).   An Oblate of St. Benedict is a person who has "associated [himself] with a Benedictine community in order to enrich [his] Christian way of life."  http://www.osb.org/obl/intro.html.

years prior to the murder' because it was 'too remote in time' to have any bearing on [his] case."[5]  ***Id.*** at 8.

First, we agree with Liebel that the "facts" his father was never a monk and "could be volatile at times" while living in a monastery 30 years before his murder, were unknown to him before he received the 2016 letter from Father Donald.   Nevertheless, our review of the record reveals ample support for the PCRA court's determination that Liebel failed to demonstrate these facts "could not have been ascertained by the exercise of due diligence."  42 Pa.C.S. § 9545(b)(1)(ii).

When considering the due diligence requirement,

[t]his Court has held "that due diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief."

***Commonwealth v. Brown***, 141 A.3d 491, 506 (Pa. Super. 2016) (quotation omitted).

The PCRA court addressed the issue of Liebel's due diligence in uncovering these "new facts" as follows:

In dismissing [Liebel's] Petition, this Court reasoned that [Liebel's] "new fact" involving evidence that his father could be volatile has been previously offered … through other witnesses during his post-sentence motions and in his first PCRA Petition.

---

[5] Interestingly, he now claims this "remote" information regarding his father's time in the monastery is relevant and supports his allegations of abuse.

Additionally, [Liebel] failed to demonstrate that he exercised due diligence in obtaining the information or that the information could not have been obtained earlier. [Liebel] did not seek to obtain information about his father's time at the monastery until 2014 when two clergy men happened to visit the state correctional facility where [Liebel] is an inmate.

PCRA Court Opinion, 11/21/2016, at 8. The court further explained:

[Liebel] previously stated in his Petition that he knew that his father spent time at a monastery in upstate New York. [Liebel,] therefore, could have contacted monasteries in upstate New York inquiring about his father prior to 2014. [He] failed to demonstrate any effort to do so.

*Id.* at 10.

Liebel counters the court's finding with his assertion that, before receiving Father Donald's letter, he had no reason "to locate and contact the monastery his father had lived at in the 1960's[.]" Liebel's Brief at 8. We disagree. A consistent theme in Liebel's prior appeals was his contention that counsel was ineffective for failing to investigate, and present evidence of, the purported physical, sexual and emotional abuse his father inflicted upon him. *See* PCRA Court Opinion, 11/21/2016, at unnumbered 11-12.[6] The "new facts" that Liebel's father was never a monk (as he had claimed to be), and had been "volatile at times" when he lived in a monastery, were related to Liebel's abuse charges. If, as he now contends, this new information is relevant to his father's character (or lack thereof), Liebel could have inquired about this period in his father's life at any time before or after

_____

[6] *See also* Leibel's PCRA Petitions filed 7/17/2006, 9/2/2009, and 5/18/2012.

- 8 -

trial in 1997. Indeed, he failed to make any inquiry until 2014, when, by happenstance, two clergy visited the prison. We agree with the PCRA court's determination that this demonstrates a lack of due diligence.

Therefore, we conclude the PCRA court properly dismissed Liebel's petition as time-barred.[7] Accordingly, we need not address his additional argument concerning prior counsel's ineffectiveness. **See Taylor**, **supra**.

_____

[7] We note Liebel correctly asserts the PCRA court, in its opinion, blended the standards for a newly discovered fact timeliness exception and a substantive claim of after-discovered evidence. The Pennsylvania Supreme Court has explained the interplay between the newly discovered facts exception to the timeliness requirements and a substantive collateral claim of after-discovered evidence as follows:

> To qualify for an exception to the PCRA's time limitations under subsection 9545(b)(1)(ii), a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence. However, where a petition is otherwise timely, to prevail on an after-discovered evidence claim for relief under subsection 9543(a)(2)(vi), a petitioner must prove that (1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. **Commonwealth v. D'Amato**, 579 Pa. 490, 856 A.2d 806, 823 (2004); **see** [**Commonwealth v.**] **Cox**, 146 A.3d [221,] 227–28 [(Pa. 2016)] ("Once jurisdiction has been properly invoked (by establishing either that the petition was filed within one year of the date judgment became final or by establishing one of the three exceptions to the PCRA's time-bar), the relevant inquiry becomes whether the claim is cognizable under [Section 9543] of the PCRA.").

**Commonwealth v. Burton**, ____ A.3d ____, ____, 2017 WL 1149203, at *8 (Pa. Mar. 28, 2017).

*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/6/2017


*(Footnote Continued)* ————————————

Here, although the PCRA court determined Liebel had not met the due diligence requirement, it also found the "new facts" Liebel relied upon consisted "exclusively of multiple layers of hearsay," which would not entitle Liebel to relief under Section 9543. **See** PCRA Court Opinion, 11/21/2016, at unnumbered 8. We agree with Liebel that the exculpatory nature of his new facts, and/or the admissibility of the evidence supporting those facts, is irrelevant to our time-bar analysis. **See Commonwealth v. Brown**, 111 A.3d 171, 177 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1197 (Pa. 2015). ("[T]he 'new facts' exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim.").

Nevertheless, it is well-settled that we "may affirm [the] PCRA court's decision on any grounds if the record supports it." **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014) (quotation omitted). Because our review of Liebel's claim and the PCRA court's opinion reveals ample basis to conclude the petition is time-barred, we affirm the order on appeal.