J-S82023-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ERIC ULYSSES DEAN | : | |
| | : | No. 530 WDA 2017 |
| Appellant | | |

Appeal from the PCRA Order March 15, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0016733-2012

BEFORE: BENDER, P.J.E., STEVENS, P.J.E.,* and STRASSBURGER, J.**

MEMORANDUM BY STEVENS, P.J.E.:          FILED JANUARY 26, 2018

Appellant Eric Ulysses Dean files this pro se appeal from the order of the Court of Common Pleas of Allegheny County denying Appellant's petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Appellant raises two claims of ineffectiveness of counsel. We affirm.

Appellant was arrested in connection with the October 30, 2012 beating of Martin Dzubinski in McKees Rocks. The PCRA court aptly summarized the factual background of this case as follows:

> The evidence presented at trial established that on October 30, 2012, [Appellant] went to Bob's Tavern on Broadway Avenue in McKees Rocks with his friend, Willie Fuller. The pair arrived at 11:00 a.m. and drank and smoked marijuana throughout the day. The victim, Martin Dzubinski, arrived sometime that evening, as it was his custom to stop in at the bar for a few beers after work. At 7:13 p.m., bar surveillance video showed Dzubinski leaving the bar, and [Appellant] following him 35 seconds later. One (1) minute and four (4) seconds later, [Appellant] returned and told

_____
* Former Justice specially assigned to the Superior Court.
** Retired Senior Judge assigned to the Superior Court.

Fuller that he had knocked somebody out.[1]  Fuller and the bartender went outside and found Dzubinski unconscious, lying in the middle of Broadway Avenue.  Paramedics and police were called and Dzubinski was transported to Ohio Valley General Hospital and then transferred to Allegheny General Hospital the same evening, where he remained for 19 days, before being transferred to a rehabilitation facility.  Dzubinski suffered a severe head injury with loss of function and loss of memory.  He was released to the rehabilitation [facility] with a feeding tube and was unable to care for himself.  He has since regained some function, but will not return to his previous level of functioning.

PCRA Court Opinion, 7/10/17, at 2-3 (citations omitted).

After a bench trial, the trial judge convicted Appellant of aggravated assault.  On March 11, 2014, Appellant was sentenced to six to twelve years' imprisonment.  Appellant filed a timely post-sentence motion, which the trial court subsequently denied.  After Appellant filed an appeal, this Court affirmed the judgment of sentence on March 13, 2015.  In this decision, this Court found, inter alia, that Appellant's challenge to the discretionary aspects of his sentence was waived by his failure to include a statement of reasons for allowance of appeal pursuant to Pa.R.A.P. 2119(f) in his appellate brief.  Appellant did not file a petition for allowance of appeal.

On September 4, 2015, Appellant filed a pro se PCRA petition.  The PCRA court appointed counsel, who filed an amended petition, arguing that trial

_____

[1] At trial, Appellant testified that on the night of the assault, he followed the victim outside to ask him why he had crushed Appellant's beer can on the bar. Appellant asserted that the victim became angry, called Appellant a racial slur, and punched Appellant.  Appellant admitted that he subsequently punched the victim in the cheek, causing him to fall to the ground and strike the pavement. Appellant left the victim lying unconscious in the street and conceded that he made no attempt to aid the victim or call emergency personnel.  N.T. Trial, 12/9/13 - 12/10/13, at 50-52.

counsel was ineffective in failing to file a petition for allowance of appeal to the Supreme Court. On November 18, 2015, the PCRA court reinstated Appellant's right to appeal to the Supreme Court. On March 16, 2016, the Supreme Court denied Appellant's petition for allowance of appeal.

On May 3, 2016, Appellant filed the instant, timely pro se PCRA petition.[2] The PCRA court appointed counsel, who instead of filing an amended petition, filed a petition to withdraw his representation along with a Turner "no-merit" letter. On January 5, 2017, the PCRA court issued an order allowing counsel to withdraw and providing Appellant with notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On January 25, 2017, Appellant filed a pro se response to the Rule 907 notice. On March 15, 2017, the PCRA court dismissed the petition. This timely appeal followed.

In reviewing the lower court's decision to deny Appellant's PCRA petition, we examine whether the PCRA court's determination "is supported by the record and free of legal error." Commonwealth v. Mitchell, 636 Pa. 233, 243-44, 141 A.3d 1277, 1283–84 (2016). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor,

_____

[2] A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that the judgment of sentence becomes final. See 42 Pa.C.S. § 9545(b)(1). For purposes of the PCRA, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." Commonwealth v. Paddy, 609 Pa. 272, 291–92, 15 A.3d 431, 442 (2011) (emphasis added).

On appeal, Appellant raises two claims alleging that trial counsel rendered ineffective assistance. It is well established that:

> To prevail in a claim of ineffective assistance of counsel, a petitioner must overcome the presumption that counsel is effective by establishing all of the following three elements, as set forth in Commonwealth v. Pierce, 515 Pa. 153, 527 A.2d 973, 975–76 (1987): (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness. Commonwealth v. Dennis, 597 Pa. 159, 950 A.2d 945, 954 (2008). With regard to the second, reasonable basis prong, we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis. [Commonwealth v.] Washington, [592 Pa. 698, 927 A.2d 586,] 594 [(2007)]. We will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." Commonwealth v. Williams, 587 Pa. 304, 899 A.2d 1060, 1064 (2006) (citation omitted). To establish the third, prejudice prong, the petitioner must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness. Dennis, supra at 954. We stress that boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective.

Paddy, 609 Pa. at 291–92, 15 A.3d at 442–43.

First, Appellant claims that the PCRA court should have held a hearing on his claim that trial counsel was ineffective for not subpoenaing specific

witnesses to give expert testimony. Our Supreme Court has provided the following standards in reviewing a similar challenge:

> To satisfy the "arguable merit" prong for a claim of ineffectiveness based upon trial counsel's failure to call an expert witness, the petitioner must prove that an expert witness was willing and available to testify on the subject of the testimony at trial, counsel knew or should have known about the witness and the defendant was prejudiced by the absence of the testimony. Commonwealth v. Chmiel, 612 Pa. 333, 30 A.3d 1111, 1143 (2011); Commonwealth v. Gibson, 597 Pa. 402, 951 A.2d 1110, 1133 (2008). Prejudice in this respect requires the petitioner to "show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." Commonwealth v. Sneed, 616 Pa. 1, 45 A.3d 1096, 1109 (2012) (quoting Gibson, 951 A.2d at 1134). Therefore, the petitioner's burden is to show that testimony provided by the uncalled witnesses "would have been helpful to the defense." Id. (quoting Commonwealth v. Auker, 545 Pa. 521, 681 A.2d 1305, 1319 (1996)).

Commonwealth v. Williams, 636 Pa. 105, 137–38, 141 A.3d 440, 460 (2016).

Specifically, Appellant argues that trial counsel should have called expert witnesses to testify to the victim's injuries. First, Appellant wished to call Dr. Christine Toews, who treated the victim at Allegheny General Hospital. Appellant argues that Dr. Toews opined in a statement to police that it was possible that the victim sustained head fractures after the victim had a stroke, fell, and struck his head. Second, Appellant claims that counsel should have sought the testimony of a nurse at Ohio Valley General Hospital named "Chris," who made a statement to police that when the victim was brought

into the emergency room that it did not appear that his clothes were "messed up as if he were assaulted by another." Appellant's Brief, at 9.

Regardless of whether these witnesses were willing, available, and qualified to give the aforementioned testimony, we agree with the PCRA court's assessment that Appellant failed to allege how this testimony would have been helpful to the defense. Dr. Toews briefly opined that the victim's injuries could have been caused by a stroke, but also found it possible that he was assaulted. The nurse named "Chris" observed that the victim's clothes were not "messed up" when he arrived at the hospital, but admitted that he could not rule out an assault. Appellant does not challenge the PCRA court's finding that this unidentified nurse was not qualified to give an expert opinion as to the causation of the victim's injuries.

Most importantly, Appellant admitted on the witness stand that he assaulted the victim by punching him in the head, causing him to fall and hit his head on the concrete. Appellant has failed to allege how he was prejudiced by the absence of expert testimony such that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's failure to call these witnesses. See Paddy, supra. Accordingly, we conclude that the PCRA court did not err in denying this claim.

Second, Appellant argues that trial counsel was ineffective in failing to preserve his challenge to the discretionary aspects of his sentence by properly filing a statement pursuant to Pa.R.A.P. 2119(f) in his appellate brief. Appellant argues that he is not required to satisfy the ineffectiveness set forth

in Pierce, supra, which requires a demonstration of actual prejudice; instead, he argues that trial counsel's inaction should be deemed presumptively prejudicial as he asserts that counsel had no reasonable basis to refrain from filing a Rule 2119(f) statement.

In United States v. Cronic, 466 U.S. 648, 658-61, 104 S.Ct. 2039, 2046-48, 80 L.Ed.2d 657 (1984), the High Court recognized a presumption of prejudice in holding that there are some circumstances "so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." Id. Such circumstances include situations where there was complete denial of counsel, the state interfered with counsel's assistance, or counsel had an actual conflict of interest. Id.; Commonwealth v. Reaves, 592 Pa. 134, 149, 923 A.2d 1119, 1128 (2007). As noted in Reaves, our Supreme Court has extended the presumption of prejudice in Pennsylvania to instances where counsel's lapse ensured the total failure of an appeal requested by the client, including, (1) where counsel failed to file a requested direct appeal, see Commonwealth v. Lantzy, 558 Pa. 214, 736 A.2d 564 (1999), (2) where counsel failed to file a requested petition for allowance of appeal, see Commonwealth v. Liebel, 573 Pa. 375, 825 A.2d 630 (2003), and (3) where counsel failed to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), see Commonwealth v. Halley, 582 Pa. 164, 870 A.2d 795, 800 (2005).

In Reaves, the Supreme Court noted that a trial counsel's failure to file a motion for reconsideration of sentence following violation of probation

proceedings did not warrant a presumption of prejudice as counsel's lapse did not ensure the total failure of the appeal, but at most "narrowed the ambit" of the appeal counsel pursued. Reaves, 592 Pa. at 149, 923 A.2d 1119, 1128. The Reaves Court emphasized that "[t]he difference in degree between failures that completely foreclose appellate review, and those which may result in narrowing its ambit, justifies application of the presumption [of prejudice] in the more extreme instance." Id. As Reaves Court concluded that a presumption of prejudice was not warranted, it required the appellee to satisfy the Pierce actual prejudice standard. Ultimately, the Reaves Court reversed this Court's finding of ineffectiveness, as it concluded that the appellee failed to show actual prejudice, as the PCRA judge had imposed the appellee's sentence and indicated that he would have imposed the same sentence given the appellee's "horrendous reporting record." Id. at 155-56, 932 A.2d at 1132.

In this matter, as in Reaves, trial counsel's failure to include a Rule 2119(f) statement in his appellate brief did not result in a total deprivation of his appellate rights, but narrowed the ambit of his appeal. As a result, we find that he was required to demonstrate actual prejudice pursuant to Pierce to successfully raise this ineffectiveness claim on collateral review.

Moreover, even assuming for the sake of argument that Appellant had met the first two prongs of the Pierce test in demonstrating that his claim has arguable merit and that counsel had no reasonable basis for refraining to file a Rule 2119(f) statement, we agree with the PCRA court's finding that

Appellant failed to show actual prejudice, that is, he failed to rebut the presumption of effectiveness by showing "there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness." See Paddy, supra.

In this case, the trial court imposed a standard range sentence after reviewing a pre-sentence report. We observe that:

> [w]here the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.

Commonwealth v. Griffin, 65 A.3d 932, 937 (Pa.Super. 2013) (citations and internal quotation marks omitted). In addition, the trial court set forth its rationale for imposing the sentence, pointing to the grave harm Appellant caused the victim and noting Appellant's extensive criminal record. Moreover, the trial court doubted Appellant's ability to overcome substance abuse issues and to reform his behavior as prior rehabilitation programs and sentences had proven ineffective. Thus, we have no reason to believe that, had trial counsel properly included a Rule 2119(f) statement in his appellate brief, that this statement alone would have led the court to reduce its sentence. Thus, we conclude that the PCRA court did not err in denying this ineffectiveness claim.

For the foregoing reasons, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  1/26/2018