J-S42022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRIAN KING, | : | |
| | : | |
| Appellant | : | No. 1772 EDA 2019 |

Appeal from the PCRA Order Entered May 24, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0111401-2006,
CP-51-CR-0111411-2006

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRIAN KING, | : | |
| | : | |
| Appellant | : | No. 1773 EDA 2019 |

Appeal from the PCRA Order Entered May 24, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0111401-2006,
CP-51-CR-0111411-2006

BEFORE:  PANELLA, P.J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    Filed: October 8, 2020

Appellant, Brian King, appeals *pro se* from the order entered on May 24, 2019, which dismissed his second petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We previously summarized the underlying facts of this case:

On October 31, 2005, Appellant was driving his car and met up with his . . . coconspirator, Tyreek Wilford. After Wilford got into Appellant's car, Appellant told him that they were going to Norristown to rob somebody. When the intended victim was not where he was supposed to be, they drove back to Philadelphia. . . .

When they got to the area of Comly and Malta Streets, they saw three young men and two young women on the street. Appellant told Wilford that he wanted to rob [the people]. He drove around the corner. Appellant pulled out a loaded [TEC-9 pistol] and put it on his lap. They got out of the car and Appellant left the car running. Appellant gave Wilford the gun and Wilford hid the gun in his waist. Appellant approached the group and had a brief conversation with them. The people began to walk away. Appellant announced, "Hold up!" Wilford pulled the gun; Appellant told everyone to lie on the grass. Appellant then went through each person's pockets. Wilford saw Appellant take cell phones and clothing from the victims. They ran back to the car. As they were about to get into the car, Appellant demanded the gun back. As Wilford was getting into the car, Appellant ran to another car on the block and attempted to take money from the driver of that car, Steven Badie. During the course of that robbery, Appellant fired a series of shots into the car, striking Badie a number of times, killing him. . . .

Appellant ran back to the car and [he and Wilford] drove away. As the initial robbery victims had called the police, their car was stopped a few minutes later. [Appellant and Wilford] were arrested after being identified by the surviving robbery victims. The gun was recovered from the back seat of the car, as well as cell phones and clothing. The phones and clothing were identified by the victims as those taken during the robbery.

When arrested, both Appellant and Wilford gave statements admitting to the initial robberies. Each, however, claimed that the other robbed and shot Badie and denied knowing that the other intended to do so. At time of Appellant's trial, Wilford had already entered into a plea agreement with the Commonwealth in which he pleaded guilty to third degree murder [and other charges]. He then testified against

- 2 -

Appellant. No agreement was made with Wilford concerning the length of his prison sentence. At the time of Appellant's trial, Wilford had yet to be sentenced.

At trial, Appellant's theory was to concede his participation in the robbery of the five individuals. He then claimed that Wilford robbed and shot Badie without Appellant's knowledge or consent.

. . .

On July 12, 2007, a jury convicted Appellant of one count of second degree murder, six counts of robbery, and one count each of conspiracy and possession of an instrument of crime[.] On May 18, 2007, the trial court sentenced Appellant to serve a mandatory term of life imprisonment for the second-degree murder conviction.

. . .

On direct appeal, [the Superior Court] affirmed Appellant's judgment of sentence . . . and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on July 7, 2010. *Commonwealth v. King*, [984 A.2d 1016 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 997 A.2d 1175 (Pa. 2010)].

*Commonwealth v. King*, 159 A.3d 50 (Pa. Super. 2016) (unpublished memorandum) at 2-3 (quotations and footnotes omitted), *quoting* PCRA Court Opinion, 2/29/16, at 1-3.

On July 30, 2010, Appellant filed his first PCRA petition. The PCRA court dismissed this petition on August 22, 2014, we affirmed the PCRA court's order on October 21, 2016, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on June 27, 2017. *Commonwealth v. King*, 159 A.3d 50 (Pa. Super. 2016) (unpublished memorandum) at 1-21, *appeal denied*, 169 A.3d 596 (Pa. 2017).

On April 27, 2018, Appellant filed the current PCRA petition; the petition constitutes Appellant's second petition seeking post-conviction collateral relief. Within the petition, Appellant claimed that his counsel on direct appeal – former attorney J. Michael Farrell (hereinafter "Attorney Farrell") – was ineffective because Attorney Farrell was "pre-occupied with extra-curricular criminal activities."[1] Appellant's Second PCRA Petition, 4/27/18, at 4. Specifically, Appellant claimed:

> On March 20, 2018, through a family member who [had] gotten the information off the internet and mailed to me, information about my court appointed attorney[, Attorney Farrell,] being convicted of a crime that [sic] activities goes [sic] back to the time he was representing me. . . . [Attorney Farrell's] divided loyalties made his performance deficient and per se ineffective when he filed frivolous appeals [on] my behalf.

*Id.* at 3-4.

On March 25, 2019, the PCRA court notified Appellant that it intended to dismiss the untimely petition in 20 days, without holding a hearing. PCRA Court Order, 3/25/19, at 1; *see also* Pa.R.Crim.P. 907(1). Appellant did not respond to the Rule 907 notice and, on May 24, 2019, the PCRA court finally dismissed Appellant's petition. *See* PCRA Court Order, 5/24/19, at 1.

---

[1] On December 4, 2019, the Pennsylvania Supreme Court entered an order declaring that Attorney Farrell was disbarred on consent, retroactive to March 10, 2017. *Office of Disciplinary Counsel v. Farrell*, 2362 Disciplinary Docket No. 3 (Pa. 2019).

Appellant filed a timely notice of appeal. We now affirm the dismissal of Appellant's patently untimely, serial PCRA petition.

We "review an order granting or denying PCRA relief to determine whether the PCRA court's decision is supported by evidence of record and whether its decision is free from legal error." *Commonwealth v. Liebel*, 825 A.2d 630, 632 (Pa. 2003).

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." *Commonwealth v. McKeever*, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we consider the underlying claims. *Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. *See*, *e.g.*, *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); *Commonwealth v. Fahy*, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the

- 5 -

> PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

**Commonwealth v. Whitney**, 817 A.2d 473, 475-476 (Pa. 2003).

Appellant's judgment of sentence became final at the end of the day on October 5, 2010, which was 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal and the time for filing a petition for a writ of *certiorari* with the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13(1). Appellant then had until October 5, 2011 to file a timely PCRA petition. 42 Pa.C.S.A. § 9545(b)(1). As Appellant did not file his current petition until April 27, 2018, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. **See** 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Perrin**, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Appellant claims that his petition is timely because it falls within the newly-discovered fact exception to the PCRA's one-year time-bar. The newly-discovered fact exception provides:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

. . .

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]

. . .

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).[2]

As our Supreme Court has explained:

subsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) "the facts upon which the claim [is] predicated were unknown" and (2) "could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii)(emphasis added). If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

---

[2] Prior to December 24, 2018, Section 9545(b)(2) read: "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." *See* 42 Pa.C.S.A. § 9545(b)(2) (effective to December 23, 2018). However, effective December 24, 2018, the legislature amended Section 9545(b)(2) to provide for a one-year time-limitation. 42 Pa.C.S.A. § 9545(b)(2) (effective December 24, 2018). This current version of Section 9545(b)(2) applies to "claims arising on [December] 24, 2017 or thereafter." *See id.* at Comment. Appellant filed his current petition on April 27, 2018 and sought relief upon facts that he discovered in 2018; thus, the current version of Section 9545(b)(2) applies to Appellant's claim.

*Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (emphasis omitted).

Appellant claims that Attorney Farrell's criminal activities caused Attorney Farrell to file a frivolous direct appeal on Appellant's behalf and, thus, render ineffective assistance of counsel during Appellant's direct appeal. Appellant's Second PCRA Petition, 4/27/18, at 3-4. At the outset, we note that Attorney Farrell's criminal activities were completely removed from Appellant's case and Appellant does not explain how Attorney Farrell's unrelated criminal activities could have caused Attorney Farrell to file a frivolous direct appeal in his case. Further, our independent review has not uncovered any relationship between the fact of Attorney Farrell's criminal activities and Appellant's ineffective assistance of counsel claim. Thus, Appellant's attempt to plead the newly-discovered fact exception immediately fails, as Appellant's ineffective assistance of counsel claim is not, in any sense, "predicated upon" the unrelated fact of Attorney Farrell's irrelevant criminal activities. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii).

Moreover, and relatedly, Appellant's attempt to avoid the PCRA's one-year time-bar fails since Appellant's claim asserts that Attorney Farrell was ineffective during Appellant's direct appeal – and Appellant would have known of any shortcomings in his direct appeal either at the time the brief was filed or when this Court issued its August 14, 2009 memorandum. Thus, Attorney Farrell's unrelated and unknown criminal activities did not prevent Appellant from asserting his ineffective assistance of counsel claim in his first

PCRA petition. For this independent reason, Appellant's petition fails to satisfy the newly-discovered fact exception and is untimely, as Appellant's ineffective assistance of counsel claim is predicated upon alleged briefing failings that were known to Appellant in 2009. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii).

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/8/20