J-S28011-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LYNN A. PADGETT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRADFORD COUNTY, | : | No. 872 MDA 2021 |
| PENNSYLVANIA, JEFFREY A. SMITH | : | |
| AND ROBERT MCGUINESS, AND | : | |
| DANIEL J. BARRETT | : | |

Appeal from the Order Entered June 4, 2021
In the Court of Common Pleas of Bradford County Civil Division at No(s):
2019IR0024,
CP-08-CR-0000888-1997

BEFORE:  OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY OLSON, J.:          **FILED: SEPTEMBER 12, 2022**

Appellant, Lynn A. Padgett, appeals *pro se* from the order entered on June 4, 2021, which dismissed his eighth petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

As we previously explained:

> On January 8, 1998, [Appellant] entered guilty pleas in two cases to two counts of involuntary deviate intercourse and one count of rape.  The offenses took place in Lycoming and Bradford Counties, and were prosecuted together in Bradford County.  [Appellant's] initial sentence entered on March 5, 1998 was vacated, and he was resentenced on October 7, 1999, to an aggregate term of [15 to 30] years' imprisonment.  [Appellant] then filed a direct appeal which raised challenges to jurisdiction.  This Court affirmed [Appellant's] judgment of sentence on October 10, 2001. [Appellant] did not file a timely petition for allowance of appeal.

*Commonwealth v. Padgett*, 131 A.3d 94 (Pa. Super. 2015) (unpublished memorandum) at 2 (quotation marks and citations omitted).

In the ensuing years, Appellant filed multiple, unsuccessful PCRA petitions and, on October 16, 2017, this Court affirmed the dismissal of Appellant's seventh PCRA petition. *Commonwealth v. Padgett*, 179 A.3d 566 (Pa. Super. 2017) (unpublished memorandum) at 1-3.

On May 6, 2019, Appellant filed the current petition, which he titled "petition for emergency writ of *habeas corpus ad subjiciendum*." Within the petition, Appellant sought relief from his judgment of sentence because: 1) he is "actually innocent" of the crimes for which he was convicted; 2) the trial court did not have venue over his criminal action; 3) the Commonwealth failed to provide Appellant with formal notice of his charges; and, 4) the trial court did not have jurisdiction to try Appellant for some of the crimes. Appellant's Current Petition, 5/6/19, at 1-12.

The PCRA court dismissed Appellant's petition on June 3, 2021 and Appellant filed a timely notice of appeal. On appeal, Appellant primarily claims that the PCRA court erred in construing his self-styled "petition for writ of *habeas corpus*" under the PCRA. According to Appellant, the PCRA does not encompass his claims and, therefore, the timeliness requirements of the PCRA do not apply to his petition. Appellant's contention fails and the PCRA court properly dismissed Appellant's patently untimely, serial PCRA petition.

We "review an order granting or denying PCRA relief to determine whether the PCRA court's decision is supported by evidence of record and

whether its decision is free from legal error." ***Commonwealth v. Liebel***, 825 A.2d 630, 632 (Pa. 2003).

The PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9542. As the statute declares, the PCRA "is the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies . . . including *habeas corpus* and *coram nobis*." ***Id.***; ***see also Commonwealth v. Ahlborn***, 699 A.2d 718, 721 (Pa. 1997). Thus, under the plain terms of the PCRA, "if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is **exclusive to** the PCRA." ***Commonwealth v. Pagan***, 864 A.2d 1231, 1233 (Pa. Super. 2004) (emphasis in original).

Within Appellant's petition, Appellant claims that he is entitled to relief from his judgment of sentence because he is "actually innocent" of the crimes for which he was convicted and because the trial court did not have venue or jurisdiction over his crimes. ***See*** Appellant's Current Petition, 5/6/19, at 1-12. However, the PCRA undoubtedly encompasses Appellant's claims, as the claims concern "matters affecting [Appellant's] conviction [or] sentence." ***Commonwealth v. Judge***, 916 A.2d 511, 520 (Pa. 2007), *quoting* ***Coady v. Vaughn***, 770 A.2d 287, 293 (Pa. 2001) (Castille, J., concurring); ***see also*** 42 Pa.C.S.A. § 9542 ("[the PCRA] provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief").

Appellant's claims thus fall under the rubric of the PCRA and, since the PCRA encompasses Appellant's claims, Appellant "can only find relief under the PCRA's strictures." **Pagan**, 864 A.2d at 1233; **see also Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011) ("[petitioner's legality of sentence] claim is cognizable under the PCRA . . . . [Thus, petitioner's] 'motion to correct illegal sentence' is a PCRA petition and cannot be considered under any other common law remedy").

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." **Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we are able to consider any of the underlying claims. **Commonwealth v. Yarris**, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

> All PCRA petitions including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final. The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.

*Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (quotation marks, citations, and brackets omitted). "Because the timeliness [of a PCRA petition] implicates our jurisdiction, we may consider the matter *sua sponte*." *Yarris*, 731 A.2d at 587.

In the present case, this Court affirmed Appellant's judgment of sentence on October 10, 2001 and Appellant did not file a timely petition for allowance of appeal with our Supreme Court. Therefore, Appellant's judgment of sentence became final for purposes of the PCRA at the end of the day on November 9, 2001, when the period for seeking review in our Supreme Court expired. 42 Pa.C.S.A. § 9545(b)(3). Under the terms of the PCRA, Appellant thus had until November 9, 2002 to file a timely PCRA petition. 42 Pa.C.S.A. § 9545(b)(1). As Appellant did not file his current petition until May 6, 2019, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Here, Appellant did not even attempt to plead a valid statutory exception to the PCRA's one-year time-bar. Thus, since Appellant's PCRA petition is manifestly untimely and Appellant did not plead any of the statutory exceptions to the one-year time-bar, our "courts are without jurisdiction to

- 5 -

offer [Appellant] any form of relief." ***Commonwealth v. Jackson***, 30 A.3d 516, 523 (Pa. Super. 2011). We, therefore, affirm the PCRA court's order, which dismissed Appellant's PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/12/2022